UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA COUNTY DIVISION

CASE NO.:

MOTHER DOE, ON BEHALF OF JOHN DOE AND
JANE DOE,

        Plaintiff,

v.

THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA,

        Defendant.

## COMPLAINT

Plaintiff, Mother Doe, on behalf of John Doe and Jane Doe, by and through the undersigned counsel, hereby files this Complaint against Defendant, The School Board of Manatee County, Florida, and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff, Mother Doe, is sui juris and an adult resident of Muscatine County, Iowa. John and Jane Doe are siblings. Plaintiff and her children are identified in the lawsuit by the pseudonym, as this case involves facts of the utmost intimacy regarding sexual harassment and assault of Plaintiff's minor children and Plaintiff fears further psychological injury if her and her minors' names were publicly disclosed. Defendant is on notice of the identities of Plaintiff and the alleged aggressor.

2. Defendant The School Board of Manatee County, Florida ("School Board") is a School Board which is constitutionally and statutorily charged with the operation and control of public kindergarten-12th grade education within Manatee County that receives

federal funds. At all relevant times to Plaintiff's lawsuit, Cynthia Saunders (retired in July of 2023) and Jason Wysong were the Superintendents of the School Board and managed its day-to-day operations. The School Board operates, controls, and maintains Florine J. Abel Elementary School ("the School") in Manatee County, Florida.

3. This Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, and 20 U.S.C. §1681(a), et seq., and supplemental jurisdiction of the state law claims set forth herein pursuant to 28 U.S.C. §1367.

4. Venue of this action lies in this District pursuant to 28 U.S.C. § 1391 as the Defendant resides in this District and the events and omissions giving rise to this action occurred in this District.

## STATEMENT OF FACTS

5. At all relevant times to this lawsuit, John Doe was a seven-year-old elementary school student in the second grade, enrolled at Florine J. Abel Elementary School.

6. At all relevant times to this lawsuit, Jane Doe was an eight-year-old elementary school student in the third grade enrolled at Florine J. Abel Elementary School.

7. At all relevant times to this lawsuit, Angel Rodriguez Mercado ("Rodriguez"), was an English for Speakers of Other Languages ("ESOL") paraprofessional at Florine J. Abel Elementary School employed by School Board of Manatee County assigned to John and Jane Doe during their second and third grade year.

8. In November of 2023, John and Jane Doe disclosed sexual abuse by Rodriguez to their mother after she learned that Rodriguez was being investigated for sexual abuse. The minor children stated they were scared to disclose Rodriguez's sexual abuse prior to this date.

2

9. Similarly, the sexual abuse of the minors consisted of Rodriguez placing them on his lap and fondling their private areas on multiple occasions in class. John Doe was fondled under his clothes. Jane Doe was caressed and touched by Rodriguez while on his lap as he whispered to her how beautiful she was. Many of the incidents occurred while other students were present in class. Upon information and belief, John and Jane Doe's sexual abuse occurred from August 2022 to June 2023.

10. Upon learning of her children's sexual abuse by Rodriguez, Mother Doe immediately contacted the school and law enforcement. Mother Doe disclosed her children's sexual abuse to the School's Principal, Samantha Webb ("Principal Webb"). Principal Webb admitted that there was a prior complaint against Rodriguez made by a student's parent, but that she believed that he treated the students like "he was their grandfather."

11. The Manatee County Sheriff's Office investigation revealed other students were also sexually abused by Rodriguez at the school. After his arrest, Rodriguez admitted to sexually abusing students to law enforcement.

12. The State Attorney's Office of the 12th Judicial Circuit has charged Rodriguez with Fla. Stat. § 800.04(5)(b), lewd or lascivious molestation, for the sexual abuse of John and Jane Doe, and for the sexual assault of two other students.

13. As a result of John and Jane Doe's sexual abuse, and the school's complete disregard for their safety, the family relocated.

### A. Actual Notice to School Officials of a Risk of Severe and Pervasive Sexual Harassment During John and Jane Doe's Sexual Assault by Rodriguez

14. Upon information and belief, during John and Jane Doe's sexual assault by Rodriguez, school officials had actual notice that Rodriguez would place students on his lap or other boundary violations by Rodriguez toward students.

15. On or about April 2023, another student's parent notified the principal of her son's disclosure that Rodriguez placed him on his lap, and touched him in a way that made him feel uncomfortable.

16. There was no investigation into the parent's complaint against Rodriguez. The principal failed to take any action and justified Rodriguez's misconduct stating, he was "like a grandfather" to his students.

### B. The School's Deliberate Indifference in Response to Actual Notice of a Risk of Sexual harassment Prior to John and Jane Doe's Sexual Assault

17. In response to actual notice of Rodriguez's boundary violations or misconduct toward a student, the principal failed to conduct a Title IX investigation, contact the Department of Children and Families, and implement safety measures to protect the students as required by law. Resultantly, Rodriguez continued to sexually abuse John and Jane Doe at the School.

**COUNT I - VIOLATION OF TITLE IX, EDUCATION AMENDMENTS OF 1972 - 20 U.S.C. §1681 ET SEQ. AGAINST THE SCHOOL BOARD PRIOR TO JOHN DOE'S SEXUAL ASSAULT**

18. Mother Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 17 as though fully set forth herein.

4

19. At all relevant times, Defendant The School Board of Manatee County, received federal financial assistance.

20. John Doe had a right to not be subject to sexual discrimination, harassment or assault while he attended the School.

21. Defendant through its agents and representatives, had actual notice that Rodriguez violated boundaries with a student during John Doe's sexual abuse by Rodriguez.

22. The principal, a school official with actual notice, had the responsibility to conduct a prompt, reliable, thorough, and impartial investigation into the complaints against Rodriguez. Instead, the principal chose to ignore complaints of sexual harassment by Rodriguez.

23. Principal Webb, with actual notice, had authority to investigate and address the acts of sexual harassment by Rodriguez, and institute corrective measures. Instead, no action was taken to keep students safe from Rodriguez's grooming and predatory behavior, resulting in the continuation of John Doe's sexual abuse by Rodriguez. Consequently, the School Board's failure to investigate was clearly unreasonable and constitutes deliberate indifference.

24. As a result of Defendant's deliberate indifference, John Doe was repeatedly sexually abused on school grounds by Rodriguez.

25. John Doe's sexual harassment and assault on school grounds was so pervasive, severe, and continuous, that it created an intolerably hostile and damaging environment for him, and effectively barred him from access to educational opportunity or benefit from the School.

26. As a direct and proximate result of the School Board's deliberate indifference in response to actual notice, John Doe has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, he sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the minors will suffer such losses in the future.

WHEREFORE, Plaintiff Mother Doe respectfully requests that this Court enter judgment against Defendant and award all damages including compensatory damages and special damages, costs, interest, attorneys' fees pursuant to 42 U.S.C. §1988, and any other relief that this Court deems just and proper.

### COUNT II - VIOLATION OF TITLE IX, EDUCATION AMENDMENTS OF 1972 - 21 U.S.C. §1681 ET SEQ. AGAINST THE SCHOOL BOARD PRIOR TO JANE DOE'S SEXUAL ASSAULT

27. Mother Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 17 as though fully set forth herein.

28. At all relevant times, Defendant The School Board of Manatee County, received federal financial assistance.

29. Jane Doe had a right to not be subject to sexual discrimination, harassment or assault while she attended the School.

30. Defendant through its agents and representatives, had actual notice that Rodriguez violated boundaries with a student during Jane Doe's sexual abuse by Rodriguez.

31. Principal Webb, a school official with actual notice, had the responsibility to conduct a prompt, reliable, thorough, and impartial investigation into the complaints against Rodriguez. Instead, the principal purposely ignored allegations of sexual harassment by Rodriguez.

32. The principal with actual notice, had authority to investigate and address the acts of sexual harassment by Rodriguez, and institute corrective measures. Instead, no action was taken to keep students safe from Rodriguez's grooming and predatory behavior, resulting in the continuation of Jane Doe's sexual abuse by Rodriguez. Consequently, the School Board's failure to investigate was clearly unreasonable and constitutes deliberate indifference.

33. As a result of Defendant's deliberate indifference, Jane Doe was repeatedly sexually harassed and assaulted on school grounds by Rodriguez.

34. Jane Doe's sexual harassment and assault on school grounds was so pervasive, severe, and continuous, that it created an intolerably hostile and damaging environment for her, and effectively barred her from access to educational opportunity or benefit from the School.

35. As a direct and proximate result of The School Board's deliberate indifference in response to actual notice, Jane Doe has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and

suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, she sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the minors will suffer such losses in the future.

WHEREFORE, Plaintiff Mother Doe respectfully requests that this Court enter judgment against Defendant and award all damages including compensatory damages and special damages, costs, interest, attorneys' fees pursuant to 42 U.S.C. §1988, and any other relief that this Court deems just and proper.

### COUNT III- NEGLIGENCE AGAINST THE SCHOOL BOARD PRIOR TO JOHN DOE'S SEXUAL ASSAULT BY AGGRESSOR

36. John Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 17 as though fully set forth herein.
37. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.
38. Defendant was in a special relationship with John Doe of school-student, such that it owed a duty to protect him from foreseeable harm on school grounds and during school-related activities. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being and health of the minor John Doe while he was under its care and custody. These duties encompassed the protection and supervision of John Doe, and

8

otherwise providing a safe environment for John Doe while on school premises.

39. Defendant was in a special relationship with Rodriguez of employer-employee such that it had a duty to take steps to make sure that Rodriguez was safe and fit. Further, the School had the ability to institute disciplinary measures to deter further misconduct by Rodriguez.

40. School Board owed John Doe a duty to lessen the risk of sexual harassment as Defendant's conduct created a foreseeable zone of risk. John Doe as Rodriguez's student, was at risk of sexual harassment and assault due to the school's deliberate indifference toward allegations of sexual harassment by Rodriguez. The principal ignored complaints against Rodriguez, wherefore, placing his students in risk of sexual harassment and assault.

41. School Board had a duty to investigate and supervise Rodriguez to prevent foreseeable harm to students and prevent sexual harassment and assault of students by Rodriguez.

42. The School was on notice Rodriguez engaged in inappropriate contact with his student and failed to institute any corrective measures to protect the students.

43. Prior to John Doe's sexual assault by Rodriguez, School Board in the exercise of reasonable care, should have known that Rodriguez, posed a danger and a threat to the health, safety and welfare of students, including John Doe.

44. Despite School Board's actual knowledge of the dangerous conduct exhibited by Rodriguez, the School Board breached its duty to protect John Doe by essentially condoning Rodriguez's harassment, by failing to investigate the student's complaint and institute corrective measures.

45. In light of School Board's actual knowledge of Rodriguez's propensity to sexually harass students, John Doe's sexual harassment and assault by Rodriguez was reasonably foreseeable to the School Board.

46. At all relevant times, the School Board had inadequate policies and procedures to protect the female students they were entrusted to care for and protect, including John Doe.

47. The School Board breached its duties by failing to protect the minor, John Doe, from sexual harassment and sexual assault committed upon John Doe while he was present on school grounds, during school hours, or during school-related activities.

48. Appropriate and reasonable investigation and discipline of perpetrators deters future misconduct, which in turn protects students from victimization. School Board breached its duty in failing to properly investigate allegations of sexual harassment by Rodriguez. Thus, resulting in John Doe's sexual harassment and abuse by Rodriguez.

49. With such knowledge, School Board failed to adequately supervise Rodriguez's acts and conduct, needlessly endangering John Doe's health and safety.

50. School Board breached these duties by failing to protect the minor, John Doe, from sexual harassment and sexual assault committed upon him while she was present on school grounds, during school hours, on the premises of the School.

51. As a direct and proximate result of School Board's breach of its duties, John Doe was sexually harassed and sexually assaulted by Rodriguez while attending the School.

52. As a result of the sexual harassment and sexual assault, John Doe has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, John Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such.

The injuries and damages are permanent and continuing in nature and John Doe will suffer such losses in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

### COUNT IV- NEGLIGENCE AGAINST THE SCHOOL BOARD PRIOR TO JANE DOE'S SEXUAL ASSAULT BY AGGRESSOR

53. Jane Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 17 as though fully set forth herein.

54. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

55. Defendant was in a special relationship with Jane Doe of school-student, such that it owed a duty to protect her from foreseeable harm on school grounds and during school-related activities. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being and health of the minor Jane Doe while she was under its care and custody. These duties encompassed the protection and supervision of Jane Doe, and otherwise providing a safe environment for Jane Doe while on school premises.

56. Defendant was in a special relationship with Rodriguez of employer-employee such that it had a duty to take steps to make sure that Rodriguez was safe and fit. Further, the School had the ability to institute disciplinary measures to deter further misconduct by Rodriguez.

57. School Board owed Jane Doe a duty to lessen the risk of sexual harassment as Defendant's conduct created a foreseeable zone of risk. Jane Doe as Rodriguez's student, was at risk of

sexual harassment and assault due to the school's deliberate indifference toward allegations of sexual harassment by Rodriguez. The principal ignored complaints against Rodriguez, wherefore, placing his students in risk of sexual harassment and assault.

58. School Board had a duty to investigate and supervise Rodriguez to prevent foreseeable harm to students and prevent sexual harassment and assault of students by Rodriguez.

59. The School was on notice Rodriguez engaged in inappropriate contact with his student and failed to institute any corrective measures to protect the students.

60. Prior to Jane Doe's sexual assault by Rodriguez, School Board in the exercise of reasonable care, should have known that Rodriguez, posed a danger and a threat to the health, safety and welfare of students, including Jane Doe.

61. Despite School Board's actual knowledge of the dangerous conduct exhibited by Rodriguez, the School Board breached its duty to protect Jane Doe by essentially condoning Rodriguez's harassment, by failing to investigate the student's complaint and institute corrective measures.

62. In light of School Board's actual knowledge of Rodriguez's propensity to sexually harass students, Jane Doe's sexual harassment and assault by Rodriguez were reasonably foreseeable to the School Board.

63. At all relevant times, the School Board had inadequate policies and procedures to protect the students they were entrusted to care for and protect, including Jane Doe.

64. Prior to the sexual incidents, School Board breached its duties by failing to protect the minor, Jane Doe, from sexual harassment and sexual assault committed upon Jane Doe while she was present on school grounds, during school hours, or during school-related activities.

65. Appropriate and reasonable investigation and discipline of perpetrators deters future

misconduct, which in turn protects students from victimization. The School Board breached its duty in failing to properly investigate allegations of sexual harassment by Rodriguez. Thus, resulting in Jane Doe's sexual harassment and abuse by Rodriguez.

66. With such knowledge, The School Board failed to adequately supervise Rodriguez's acts and conduct, needlessly endangering Jane Doe's health and safety.

67. School Board breached these duties by failing to protect the minor, Jane Doe, from sexual harassment and sexual abuse committed upon her while she was present on school grounds, during school hours, on the premises of the School.

68. As a direct and proximate result of School Board's breach of its duties, Jane Doe was sexually harassed and sexually assaulted by Rodriguez while attending the School.

69. As a result of the sexual harassment and sexual assault, Jane Doe has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Jane Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and Jane Doe will suffer such losses in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby requests a trial by jury on all issues contained in this Complaint.

Dated: October 30, 2024

                                        Respectfully submitted,

                                        */s/* Krisel McSweeney
                                        Krisel McSweeney
                                        Florida Bar No.: 112637
                                        McSweeney Law Firm
                                        5550 Glades Rd., Suite 500
                                        Boca Raton, FL 33431
                                        Tel.: 800-540-0668
                                        Fax: 561.961.5191
                                        kmcsweeney@mcsweeneylawfirm.com