UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-cv-02540-CEH-SPF

MOTHER DOE, ON BEHALF OF
JOHN DOE AND JANE DOE,

        Plaintiff,

v.

THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA,

        Defendant.

**UNOPPOSED MOTION FOR IN CAMERA REVIEW AND PROTECTIVE ORDER OF MINORS' RECORDS AND MEMORANDUM OF LAW**

COMES NOW, Plaintiff Mother Doe, on behalf of John Doe and Jane Doe, by and through undersigned counsel, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 26(c) for in camera

1

review and protective order of psychotherapy and medical records sought by Defendant in discovery and states the following:

## I. INTRODUCTION

This case arises from the alleged sexual abuse of minor Plaintiffs John and Jane Doe by their school-assigned paraprofessional, resulting in claims of negligence, vicarious liability, violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX) and of Civil Rights under 42 U.S.C. § 1983 – Fourteenth Amendment against Defendant, and loss of consortium brought by Mother Doe as an individual.

Defendant has requested production of the minors' psychotherapy and medical records, which contain sensitive, confidential information irrelevant to the claims or defenses. Disclosure of such information risks significant invasion of the minors' privacy and would cause annoyance, embarrassment, or oppression, particularly given their vulnerability as alleged sexual abuse victims. Plaintiff requests that the Court conduct an in-camera review to determine which portions, if any, of the records are relevant and issue a protective order to forbid disclosure of irrelevant information and limit the use of any disclosed records to this litigation.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), discovery is limited to matters that are relevant to any party's claim or defense and proportional to the needs of the case. Federal Rule of Civil Procedure 26(c)(1) provides that the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery. The Court may also limit the scope of disclosure or require that confidential information be revealed only in a specified way.

In camera review of the psychotherapy and medical records at issue is an appropriate mechanism to assess the relevance and discoverability of sensitive records, particularly when privacy concerns are significant. *Adelman v. BSA*, 276 F.R.D. 681, 683 (S.D. Fla. 2011) (conducting and in-camera review of the discovery documents at issue); *Cade v. Costco Wholesale Corp.*, 2024 U.S. Dist. LEXIS 231417, *1 (N.D. Ala. 2004) (recommending after an in-camera review, that the medical records at issue were irrelevant to the claims and defenses). Courts within the Eleventh Circuit and elsewhere have endorsed in camera review to

balance discovery needs with privacy protections, especially for medical records containing sensitive information. *Id*.

## III. ARGUMENT

### *A. In Camera Review Is Necessary to Protect Sensitive, Irrelevant Information*

The psychotherapy and medical records sought by Defendant contain sensitive and confidential information that is not relevant to the claims brought forth in the Second Amended Complaint based on sexual abuse.[1] The records include personal details unrelated to the physical or emotional injuries alleged in this case, which, if disclosed, would cause significant annoyance, embarrassment, oppression, or undue burden to the minors.[2]

In camera review is a well-established method to evaluate the relevance of sensitive records while protecting privacy. Here, an in-camera review will allow the Court to assess which portions of the psychotherapy and medical records, if any, are relevant to the alleged injuries from the

---

[1] Opposing counsel has received redacted copies of the records in question in response to their discovery requests, along with a Privilege Log.

[2] The records include the following: psychotherapy records from Bethany for Children and Families for both John and Jane Doe from 2024-2025, and from Manatee Children's Services for John Doe from 2025; and medical records from Iowa Healthcare for John and Jane Doe from 2025.

4

sexual abuse, while safeguarding irrelevant, sensitive information that could harm the minor Plaintiffs. *See* A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § VI(B)(3) (U.S. Dist. Ct. for the Middle Dist. of Fla. 2021).

The minors' claims involve emotional distress from the alleged sexual abuse, but the requested records include unrelated information, which is irrelevant to causation or damages pertaining to the minors' claims. Plaintiff requests an in-camera review to determine the relevance of the requested records and a protective order to forbid disclosure of irrelevant information and limit the use of any disclosed records.

### *B. There is Good Cause for a Protective Order*

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(A), the Court may forbid the disclosure or discovery of irrelevant, sensitive information, ensuring that any records permitted for disclosure are used solely to assess the claims of negligence and Title IX violations, thus safeguarding the minor Plaintiffs' privacy and dignity.

"The party seeking a protective order has the burden to demonstrate good cause and must make 'a particular and specific demonstration of fact

as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 U.S. Dist. LEXIS 59639, 2019 WL 1518959, at *5 (M.D. Fla. Apr. 8, 2019) (citing *Auto-Owners Ins. Co. v. Southeast Floating Dock, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005)). Good cause "signifies a sound basis or legitimate need to take judicial action." *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479-KOB-HNJ, 2019 U.S. Dist. LEXIS 227829, 2019 WL 8014475, at *6 (N.D. Ala. Nov. 4, 2019) (internal citations omitted). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001)

 A defendant is not automatically entitled to full disclosure of all plaintiff's medical records simply because some level of emotional distress is claimed. "A defendant is entitled to production of medical records that have a logical connection to the plaintiff's claims of injury." *Gray v. Koch*

*Foods, Inc.*, 2020 U.S. Dist. LEXIS 262166, *12 (M.D. Ala. 2020). (internal citation omitted).

Plaintiff has good cause for the protective order. The requested psychotherapy and medical records contain information that is not relevant to the claims or defenses in this case, which center on Defendant's alleged failure to prevent sexual abuse and comply with Title IX, and the damages resulting therefrom. Under Rule 26(b)(1), discovery must be proportional to the needs of the case, considering the importance of the issues, the amount in controversy, and the burden of disclosure. Broad disclosure of the minors' psychotherapy and medical records risks unnecessary intrusion into their private lives, particularly given the sensitive nature of the allegations. The significant privacy interests of minor sexual abuse victims outweigh the marginal relevance of broad psychotherapy and medical records to the claims.[3]

The minor Plaintiffs' status as victims of alleged sexual abuse heightens the need for privacy protections. The disclosure of sensitive

---

[3] Furthermore, "Confidential communications between a licensed psychotherapist and […] patients in the course of diagnosis or treatment are protected from compelled disclosure under Fed. R. Evid. 501." *Jaffee v. Redmond*, 518 U.S. 1 (1996).

records in such cases can exacerbate trauma and deter victims from seeking justice.

### C. *The Balancing of Parties' Interest in Favor of non-disclosure*

"In addition to requiring good cause, the district court must 'balance the interests of those requesting the order' in keeping the information confidential against the other side's interest in obtaining the information for trial preparation and defense." *Ekokotu v. Federal Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989).

The minors' interests in the confidentiality of the irrelevant medical records weighed against Defendant's interests in discovery of information that is irrelevant to the claim, strongly favor non-disclosure to protect the minor Plaintiffs from undue embarrassment, oppression, and invasion of privacy, while ensuring discovery remains focused on relevant issues under Federal Rule of Civil Procedure 26(b)(1).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion for an in-camera review of the minors' records

and protective order to safeguard the minor Plaintiffs' privacy while ensuring that discovery remains focused on relevant issues.

## REQUESTED RELIEF

Plaintiffs respectfully request that the Court:

1. Order an in-camera review of the minors' medical records to determine which portions, if any, are relevant to the claims of negligence and Title IX violations;

2. Issue a protective order, pursuant to Rule 26(c)(1), forbidding disclosure or discovery of irrelevant, sensitive information under Rule 26(c)(1)(A), and limiting the use and dissemination of any disclosed medical records to this litigation, requiring that such records be filed under seal and disclosed only to counsel and necessary parties; and

3. Grant such other relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g) Fed. R. Civ. P. 26(c)(1) counsel for Plaintiff certifies that they have conferred with counsel for Defendant in a good faith effort to resolve the issues raised by this motion via email. Defendant does not oppose the relief requested.

Dated: July 26, 2025

            Respectfully submitted,

            */s/* Krisel McSweeney

            Krisel McSweeney
            Florida Bar No.:112637
            McSweeney Law Firm
            5550 Glades Rd., Suite 500
            Boca Raton, FL 33431
            Tel.: 800-540-0668
            Fax: 561.961.5191
            kmcsweeney@mcsweeneylawfirm.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via to all counsel of record via the e-filing portal on July 26, 2025.

                                                           /s/ Krisel McSweeney