## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CASE NO.: 8:24-cv-02540-CEH-SPF**

MOTHER DOE, ON BEHALF OF
JOHN DOE AND JANE DOE,

       Plaintiff,

v.

THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA,

       Defendant.

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Mother Doe, by and through undersigned counsel, respectfully moves this Court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to amend the Second Amended Complaint in the above-captioned matter. In support of this motion, Plaintiff submits the following Memorandum of Law:

1

# I.  INTRODUCTION

Mother Doe brings this action on behalf of her two minor children, ages seven and eight, who were sexually abused by their ESOL paraprofessional at Florine J. Abel Elementary School, Angel Rodriguez Mercado, within the School Board of Manatee County. The operative claims include negligence, vicarious liability, and violations of Title IX, Civil Rights Under 42 U.S.C. § 1983 – Fourteenth Amendment, and Civil Rights Under 42 U.S.C. § 1983 – Equal Protection Clause. Plaintiff seeks leave to file a Second Amended Complaint to add teacher and employee of The School Board of Manatee County, Ms. Karen Johnson, as a defendant and assert a claim under 42 U.S.C. § 1983 for violation of the minors' equal protection rights.

## I.    Factual and Procedural Background

On July 21, 2025, the Court accepted Plaintiff's Second Amended Complaint and made it the operative complaint. (Doc. 53). On August 1, 2025, Plaintiff received the School Board's insurance policy, confirming under Section II that employees, including Ms. Johnson are additional

insureds and indemnified with $10,000,000 in aggregate.[1] This newly discovered evidence supports adding a §1983 claim against Ms. Johnson, as an individual, for violating the minor plaintiffs' equal protection rights. The proposed amendment is timely, to be filed on or before August 14, 2025, before Defendant's response deadline to the Second Amended Complaint.[2]

## II. MEMORANDUM OF LAW

### A.  *Legal Standard*

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely grant leave to amend when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts generally grant leave unless there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177 (11th Cir. 2014). None of which exists in this instance. Courts in the Middle District of

---

[1] Plaintiff requested insurance policy through a Request for Production on or about March 26, 2025 as Defendant failed to produce the applicable policies in its Initial Disclosure. In response to Plaintiff's First Request for Production, Defendant served an insurance policy that was not in effect at the time the alleged claims arose, and therefore was inapplicable to Plaintiff's claims. Thus, Plaintiff did not receive a copy of the applicable insurance until August 1, 2025 when Defendant supplemented its responses to Plaintiff's First Request for Production.

[2] Before discussing the current Motion, Defendant consulted with counsel about extending the deadline for responding to the Second Amended Complaint. Thus, Defendant anticipated requesting an extension, and therefore, Plaintiff's amendment of the Second Amended Complaint, to add Ms. Johnson as a party is not prejudicial to Defendant.

Florida consistently apply this standard, granting leave where new evidence strengthens claims during ongoing discovery, unlike in *Ferguson v. Dolphins*, 2021 U.S. Dist. LEXIS 235202, *18 (S.D. Fla. 2021), where the Court denied Plaintiff's motion to amend after the motion to dismiss was ruled on. The "decision of whether to allow a Plaintiff to join additional defendants is generally left to the discretion of the district court." *Dean v. Barber*, 951 F.2d 1210, 1215 (11 Cir.1992) (internal citations omitted). A showing of good cause is required pursuant to the Case Management Order. (Doc. No. 27); Fed. R. Civ. P. 16(b)(4).

### III. Argument

#### A.   The Amendment is Supported by Newly Discovered Evidence

The School Board's insurance policy, received August 1, 2025, confirms Ms. Johnson's indemnification as an additional insured with up to $10,000,000 in aggregate. This supports the §1983 claim by establishing her actions as a teacher were taken under color of state law and enhances potential damages, available under § 1983. *Smith v. Wade*, 461 U.S. 30 (1983); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1300-02 (11th Cir. 2007) (discussing government officials' liability under §

4

1983 arising from "right to be free from sex discrimination"); *Hill v. Cundiff, 797 F.3d 948, 978 (11th Cir. 2015)*. The policy explicitly covers teachers for actions "in their official capacities," which demonstrates Ms. Johnson was acting as a state official (not privately). Further, without the policy, recovery might be capped or difficult to collect; with it, the potential recovery is increased.

### B. *Lack of Prejudice to Defendant*

This Motion has been filed before Defendant's Response to Plaintiff's Second Amended Complaint. The Amendment does not allege new facts; it only brings a claim against Ms. Karen Johnson as an individual defendant. The motion is filed within two weeks of receiving the policy, and before the August 14, 2025, response deadline, avoiding undue delay. The amendment causes no prejudice, as it aligns with existing facts, known to Defendant, and requires minimal to no additional discovery on Defendant's part, as there are already a vicarious liability claims specifically pertaining to Ms. Karen Johnson's actions as a teacher and employee of Defendant on behalf of both minors. *See* Second Amended Complaint ¶¶ 137-157. The policy and facts alleged pertaining to Ms. Karen Johnson was within Defendant's knowledge negating claims of

surprise. *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765 (11th Cir. 1995); *See Joplin v. Bias*, 631 F.2d 1235 (5th Cir. (Unit A) 1980) (holding that it was not an abuse of discretion to allow defendant to amend answer to raise the statute of limitations defense even though the defense was first raised one-and-a-half years after the original answer was filed); *see also Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1012 (11th Cir.1982). To date, Defendant has deposed only two witnesses; Ms. Johnson has not been deposed by either party. Further, discovery remains open, and Defendant has not yet submitted its expert reports. *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 194837, at *17 (M.D. Fla. 2015). Pursuant to the Case Management Order, the Discovery Deadline is September 26, 2025.[3] The proposed amendments do not materially alter the scope of discovery, as they relate to the same core set of facts already at issue.

---

[3] Prior to conferring on the present motion, Defense counsel proposed to Plaintiff's counsel a six-month extension of all case deadlines, to which Plaintiff's counsel agreed. Plaintiff's counsel therefore anticipates that Defense will file a Joint Motion to Extend Deadlines accordingly. This underscores that Defendant will not be prejudiced by the proposed amendment. Indeed, Defendant would benefit from litigating Plaintiff Mother Doe's claim against Ms. Karen Johnson in this action rather than facing a separate future lawsuit against Ms. Johnson alone.

### C. *Diligence and Ability to Meet Deadlines*

Plaintiff has demonstrated diligence throughout. As the Eleventh Circuit held, "[t]his good-cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The amendment will not impact the Court's scheduling order. Plaintiff can still meet all case deadlines, and the amendment will facilitate efficient litigation without causing delay.

Within less than fourteen days from receiving the applicable policy, Plaintiff files this Motion to Amend, unlike in jurisdictional cases where the Court has denied the Motion to Amend. *See* Glenn v. Corizon LLC, No. 21-10021, 2022 WL 1041338, at *6 (11th Cir. Apr. 7, 2022) ("Glenn had not shown diligence in filing the motion to amend as—even in the best light—she waited more than two months after discovering the new information alleged."); *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (holding that "Southern Grouts lacked diligence, at the very least, because it waited until August 5, 2008[,] to file a motion to amend its complaint with information that it had known over a month before" a motion for summary judgment was filed).

### D.  No Bad Faith or Futility

Plaintiff seeks this amendment in good faith due to recently obtained information from Defendant.[4] There is no indication that the proposed amendments are futile, as they are supported by credible information and binding case law.  The Second Amended Complaint alleges that in 2021 and 2022, John and Jane Doe both reported to Ms. Karen Johnson that Rodriguez would place them on his lap and touch them. *See* Second Amended Complaint, ¶¶ 11, 14. Ms. Karen Johnson accused Jane Doe of lying, and failed to report or investigate both reports from John and Jane Doe. *See* Second Amended Complaint, ¶¶ 11, 14. Further, Ms. Karen Johnson witnessed Rodriguez placing students on his lap during class time, and showed favoritism to specific students, and failed to report or investigate Rodriguez's sexual harassment of his students. *See* Second Amended Complaint, ¶ 9. The proposed § 1983 claim alleges that Ms. Karen Johnson, under color of state law, failed to report and/ or investigate John and Jane Doe's report of sexual misconduct against their ESOL teacher, Rodriguez, violating their equal protection rights under the Fourteenth Amendment. This violation was clearly

---

[4] Plaintiff would also make a correction to a scrivener's error in the Second Amended Complaint, paragraph 11, correcting the academic year, to enhance clarity and ensure consistency with the alleged facts.

established, negating qualified immunity. *Hill v. Cundiff, 797 F.3d 948, 978 (11th Cir. 2015)*; *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1300-02 (11th Cir. 2007) (discussing government officials' liability under § 1983 arising from "right to be free from sex discrimination"); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (applying "deliberate indifference" standard for § 1983 deprivation of constitutional right to be free from sexual harassment). The claim would survive a motion to dismiss, satisfying the futility standard. *Cockrell v. Sparks*, 510 F.3d 1307 (11th Cir. 2007).

### E. Good Cause for Amendment

Pursuant to the Case Management Order, the deadline to amend the complaint was March 21, 2025. (Doc. No. 27). Thus, a showing of good cause is required. Courts recognize newly discovered evidence as a valid basis for good cause. *Allstate Ins. Co. v. Regions Bank*, 2014 U.S. Dist. LEXIS 115540, at *10 (S.D. Ala. 2014). Courts consider three factors in determining whether a party has acted diligently for purposes of Rule 16(b): "(1) whether the moving party 'neglected to determine facts before filing pleadings or within discovery,' (2) whether 'the subject matter of the motion to amend was readily available to the moving party,' and (3)

whether 'the moving party delayed filing the motion to amend.'" *Desir v. Tony*, 2025 U.S. Dist. LEXIS 1964, *8-9 (S.D. Fla. 2025) (citing *Berrios v. Univ. of Miami*, 2012 U.S. Dist. LEXIS 186335, at *2-3 (S.D. Fla. Apr. 11, 2012)).

Defendant failed to disclose the insurance policy in its Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(4), which requires "for inspection and copying […] any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Further, Defendant subsequently failed to produce said policy in response to Plaintiff's First Request for Production. Within less than two weeks from receiving the applicable policy on August 1, 2025, Plaintiff filed the instant motion without causing undue delay and within the discovery deadline. Prior to receiving the policy on August 1, 2025, Plaintiff did not have the applicable policy information. Plaintiff has moved swiftly and transparently in response to this development. On August 7, 2025, within less than a week from receiving the applicable policy, Plaintiff's counsel sent Defense counsel an email conferring on the

instant motion and explaining the reason for the request to amend in detail, including applicable case law relied upon.

Plaintiff is not engaging in abusive or repetitive amendments. The obtained information allowed Plaintiff to reevaluate the case, and strategically pursue claims against the individual, Ms. Karen Johnson on behalf of minor plaintiffs. This amendment is essential for the Court to have a complete and accurate record before ruling on any future dispositive motions, thereby promoting judicial efficiency and avoiding unnecessary re-litigation. The amendment to add Ms. Karen Johnson as a party is timely, targeted, due to recently obtained information, not dilatory or speculative, and should therefore be considered. Courts routinely permit amendment under such circumstances, especially where it ensures the fair and just determination of the issues at hand.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court grant leave to Amend the Second Amended Complaint. The proposed amendment is timely, warranted by recently obtained material evidence, not prejudicial to Defendant, and filed in good faith. Plaintiff is prepared

to file the amended pleading immediately and will cooperate to minimize any discovery disruptions.

## Local Rule 3.01(g) Certification

The movant certifies that it has conferred with the opposing party via email, and opposing party opposes the relief sought in the instant motion.

**WHEREFORE**, Plaintiff respectfully requests an Order:

(i) granting leave to amend;

(ii) deeming the Third Amended Complaint attached hereto as Exhibit "A" as filed and as the operative complaint; and

(iii) granting such other and further relief as is just and proper.

Dated: August 12, 2025

Respectfully submitted,

/s/ Krisel McSweeney
Krisel McSweeney, Esq.
Florida Bar No. 0112637
McSweeney Law Firm
5550 Glades Road, Suite 500
Boca Raton, FL 33431
800-540-0668
Fax: 561-961-5191
kmcsweeney@mcsweeneylawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing

was sent via to all counsel of record via the e-filing portal.

                                      /s/ Krisel McSweeney

13