# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CASE NO.: 8:24-cv-02540-CEH-SPF

MOTHER DOE, as an individual, and
ON BEHALF OF JOHN DOE AND JANE
DOE,

Plaintiff,

v.

THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA,
and KAREN JOHNSON

Defendant.

## THIRD AMENDED COMPLAINT

Plaintiff, Mother Doe, on behalf of John Doe and Jane Doe, by and through the undersigned counsel, hereby files this Third Amended Complaint against Defendant, The School Board of Manatee County, Florida, pursuant to Fed. R. Civ. P. 15(a)(1), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff, Mother Doe, is sui juris, the legal guardian of John and Jane Doe, and authorized to sue on their behalf and asserts an individual claim for loss of filial consortium and an adult resident of Muscatine

1

EXHIBIT "A"

County, Iowa. During the events giving rise to this action, Plaintiff was a resident of Manatee County, Florida, and relocated to Iowa due to the trauma caused by the incidents described herein. John and Jane Doe are siblings. Plaintiff and her children are identified in the lawsuit by the pseudonyms, as this case involves facts of the utmost intimacy regarding sexual abuse of Plaintiff's minor children and Plaintiff fears further psychological injury if her name and those of her minor children were publicly disclosed. Defendant is on notice of the identities of the minors.

2. Defendant The School Board of Manatee County, Florida ("School Board") is constitutionally and statutorily charged with the operation and control of public kindergarten-12th grade education within Manatee County and receives federal funds. At all relevant times, Cynthia Saunders served as Superintendent until her retirement in July 2023, after which Jason Wysong assumed the role until May 2025. Thereafter, Kevin Chapman became interim superintendent. Each managed the School Board's day-to-day operations during their respective tenures. The School Board operates, controls, and maintains Florine J. Abel Elementary School ("the School") in Manatee County, Florida.

3. At all relevant times, Karen Johnson ("Teacher Defendant") was John
   and Jane Doe's second grade teacher for the following academic school
   years: 2021-2022 and 2022-2023. She is sui juris and is a resident of
   Manatee County, Florida. She is sued in her individual capacity.

4. This Court has federal question subject matter jurisdiction pursuant
   to 28 U.S.C. §§ 1331 and 1343(a)(3) over Plaintiff's claims arising
   under 20 U.S.C. §1681 et seq. 42 U.S.C. § 1983, and supplemental
   jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. Venue
   is proper in this District pursuant to 28 U.S.C. § 1391(b), as
   Defendant resides in Manatee County, Florida, and the events giving
   rise to this action occurred in this District.

5. At all relevant times to this lawsuit, John Doe was a seven-year-old
   elementary school student in the second grade (2022–2023), enrolled
   at Florine J. Abel Elementary School.

6. During the relevant period of this lawsuit, Jane Doe was a seven- to
   eight-year-old student enrolled at Florine J. Abel Elementary School,
   attending second grade (2021–2022), and third grade (2022–2023).

7. At all relevant times to this lawsuit, Angel Rodriguez Mercado
   ("Rodriguez") was an English for Speakers of Other Languages
   ("ESOL") paraprofessional at Florine J. Abel Elementary School

employed by the School Board of Manatee County, assigned to John
Doe's second grade year, and Jane Doe's second and third grade years
(2021–2023).

8. In or about November of 2023, John and Jane Doe disclosed sexual
abuse by Rodriguez to their mother and law enforcement after she
learned that Rodriguez was being investigated for sexual abuse.

9. The sexual abuse of the minors consisted of Rodriguez placing them
on his lap and fondling their private areas on multiple occasions in
class, often during school hours. John Doe was fondled under his
clothes, touching his buttocks and penis. Rodriguez touched John
Doe's buttocks multiple times, including digital penetration of his
anus, and touched his penis over his clothing. Jane Doe was caressed
and touched by Rodriguez while on his lap as he whispered to her how
beautiful she was, and he fondled her on her vagina under her clothes.
These incidents involving Jane Doe occurred approximately weekly,
totaling over thirty instances, with at least three instances involving
Rodriguez touching Jane Doe's vagina under her clothing, causing her
significant discomfort. Rodriguez threatened Jane Doe not to say
anything.

10.     John Doe's abuse began in 2022; Jane Doe's sexual abuse began in 2021. Rodriguez's sexual abuse of children occurred while other students were present in class. Ms. Johnson was physically present in the classroom during instances of Rodriguez's sexual abuse of John and Jane Doe but failed to intervene due to her negligent inattention and failure to monitor Rodriguez's interactions with students in a classroom with multiple students, where Ms. Johnson's inattention to Rodriguez's interactions allowed abuse to occur unnoticed. Ms. Johnson witnessed Rodriguez place Jane Doe and other students on his lap while in Ms. Johnson's class room in the 2021 school year. The minors' sexual abuse continued through the 2022–2023 academic year, ending sometime before Rodriguez's sexual abuse allegations became public in November 2023.

11.     During the 2021–2022 academic year, Jane Doe, then a second-grade student at Florine J. Abel Elementary School, reported to her teacher, Ms. Johnson, that Rodriguez placed her on his lap and touched her private area.

12.     Ms. Johnson responded by accusing Jane Doe of lying and warned her of being sent to the principal's office. Several days later, Ms. Johnson sent Jane Doe to the school's front desk, claiming she had

consulted Rodriguez who denied Jane Doe's allegations, and that
Jane Doe was lying. Jane Doe confronted Ms. Johnson, stating that
Rodriguez was lying, resulting in Jane Doe being sent to the front
office. At the front office, two female employees were present: one
bilingual in English and Spanish, and another who spoke only
English. The bilingual employee told Jane Doe not to lie, stating that
Rodriguez treated students like "his grandkids." The English-
speaking employee yelled at Jane Doe, also accusing her of lying.
They stated they would contact Jane Doe's mother but failed to do so.
Jane Doe insisted she was telling the truth, but the employees sent
her back to class without further action. Upon information and belief,
the two employees were administrators and School Board agents
acting within their employment scope, and their failure to report, and
accusation toward Jane Doe contributed to Jane Doe's ongoing sexual
abuse.

13.    Jane Doe observed Rodriguez inappropriately touching other
students in her class, including placing them on his lap.

14.    During the 2022–2023 academic year, Ms. Darnell, Jane Doe's
third-grade teacher at Florine J. Abel Elementary School, observed
Rodriguez placing students on his lap occasionally, including Jane

Doe. However, Rodriguez sexually abused Jane Doe during periods when Ms. Darnell would leave the classroom, exploiting these unsupervised moments to engage in inappropriate touching. Upon seeing Rodriguez place students on his lap, Ms. Darnell failed to report Rodriguez's misconduct.

15.    During the 2022–2023 academic year, John Doe, then a second-grade student at Florine J. Abel Elementary School, reported to Ms. Johnson that Rodriguez touched him inappropriately. Ms. Johnson did not respond to John Doe's report; she took no action to investigate or report the allegations.

16.    John Doe observed Rodriguez engaging in similar inappropriate conduct with other students in his class, including his friends, by placing them on his lap.

17.    Rodriguez's sexual abuse of John Doe and Jane Doe continued after their reports to Ms. Johnson, as the School Board and its employees failed to intervene, investigate, or restrict Rodriguez's access to students, allowing the sexual abuse to persist until the allegations became public in November 2023.

18.    Upon learning of her children's sexual abuse by Rodriguez in or about November 2023, Mother Doe immediately contacted the school

and law enforcement. Mother Doe disclosed her children's sexual abuse to the School's Principal, Samantha Webb ("Principal Webb"). Principal Webb admitted that there was a prior complaint against Rodriguez made by a student's parent, but that she believed that he treated the students like "he was their grandfather."

19.    The Manatee County Sheriff's Office investigation revealed other students were also sexually abused by Rodriguez at the school. After his arrest, Rodriguez admitted to sexually abusing at least one student to law enforcement, including conduct consistent with the abuse of John and Jane Doe.

20.    The State Attorney's Office of the 12th Judicial Circuit has charged Rodriguez with F.S. § 800.04(5)(b), lewd or lascivious molestation, for the sexual abuse of John and Jane Doe, and for the sexual abuse of two other students. The criminal charges are pending.

21.    In or about Spring of 2021, prior to the incidents involving John and Jane Doe, a former employee of Florine J. Abel Elementary School reported to Assistant Principal Rebecca Britto concerns about Rodriguez's behavior. The former employee disclosed an incident where Rodriguez admitted that he went to the movies with a student and had the student over his house for dinner.

8

22.   The former employee also discussed with Assistant Principal
Rebecca Britto concerns regarding Rodriguez's behavior, including
his practice of encouraging students to call him "Daddy" (if
American), "Papi" (if Hispanic), or "Abuelo" (if Hispanic). The former
employee explicitly told Rodriguez not to allow students to use these
terms and suggested they call him "Mr. A" or "Angel" instead. Despite
this, other teachers at the school, who were very friendly with
Rodriguez, justified his boundary violations as cultural and failed to
investigate further. Other teachers were aware that the students
referred to Rodriguez as "abuelo," or "grandpa," and that Rodriguez
would often hug children. It was justified among staff due to the close
relationships that were formed between Rodriguez and staff
members. The School Board's failure to train staff on appropriate
boundaries allowed teachers to dismiss Rodriguez's violations as
cultural, enabling his continued misconduct.

23.   Assistant Principal Rebecca Britto had actual notice of Rodriguez's
inappropriate behavior, and misconduct toward students as early as
Spring 2021, based on the former employee's reports of Rodriguez
taking a student to the movies and having the student over for dinner,
as well as encouraging students to use inappropriate familial

9

nicknames. Based on information and belief, no adequate or formal investigation was conducted, and no corrective or safety measures were implemented following the report.

24.     During Rodriguez's sexual abuse, Ms. Johnson, a teacher at Florine J. Abel Elementary School, was aware that Rodriguez placed John and Jane Doe on his lap, showed favoritism toward certain students, referring to them as his "favorites," and allowing his favorite students to sit next to his desk. Jane Doe reported Rodriguez's sexual abuse to Ms. Johnson during the 2021-2022 school year, but no action was taken in response. Further, Ms. Johnson witnessed Rodriguez place students on his lap as early as the 2021 school year. John Doe reported Rodriguez's abuse in the 2022-2023 school year, yet no action was taken by Ms. Johnson. Ms. Darnell also had notice that Rodriguez placed students on his lap in the 2023 school year, while Jane Doe was a third-grade student.

25.     On or about April 2023, another student's parent notified Principal Webb of her son's disclosure stating that Rodriguez placed her son on his lap. The parent cried as she informed the principal of her son's disclosure.

26.    Upon being questioned by Principal Webb, the minor told Webb
that he had sat on Rodriguez's lap, and cried while he told her. A
formal and adequate investigation was not conducted into the
parent's and child's complaint against Rodriguez. Webb failed to take
appropriate measures in response to Rodriguez's misconduct toward
the student.

27.    The same day, the parent received a call after her report from an
unknown school employee, acting on behalf of the School Board,
stating it was a misunderstanding, reflecting the School Board's
custom of dismissing complaints without investigation.

28.    Prior to and during John and Jane Doe's sexual abuse by
Rodriguez, school officials, including Principal Webb and Assistant
Principal Rebecca Britto, had actual notice that Rodriguez would
place students on his lap, encourage inappropriate familial
nicknames, and engage in other boundary violations with students,
such as placing students on his lap and other risks of sexual
harassment. Boundary violations include inappropriate physical
contact, off-campus interactions with students, and encouraging
familial nicknames such as "Daddy" or "Abuelo," which were known
to school officials and indicative of grooming behavior.

29.    In response to actual notice of Rodriguez's boundary violations and misconduct toward students, school officials, including Principal Webb and Assistant Principal Rebecca Britto, failed to conduct a Title IX investigation, monitor or supervise Rodriguez, discipline Rodriguez, terminate Rodriguez, contact the Department of Children and Families, the School Resource officer or the Title IX Coordinator, contact the students' parents, interview Rodriguez's students, interview teachers, or implement other safety measures to protect students as required by law. As a result, Rodriguez continued to sexually abuse John and Jane Doe, and other students at the School.

30.    Ms. Johnson and Ms. Darnell were aware that Rodriguez placed students on his lap, Ms. Johnson was aware that Rodriguez specifically placed John and Jane Doe on his lap and their outcries of Rodriguez's sexual abuse, and showing favoritism to students. Both teachers failed to take corrective action, such as reporting Rodriguez's conduct to the Title IX coordinator, the school resource officer, school officials, or DCF, further contributing to the school's negligence. Ms. Johnson and Ms. Darnell failed to properly supervise students or monitor Rodriguez during instances of their sexual abuse in their classroom.

31.     The failure to investigate in 2021 allowed Rodriguez to maintain
unsupervised access to ESOL students, fostering an environment
where his grooming behaviors escalated into sexual abuse in the 2021
school year against Jane Doe. Defendant's failure to adequately and
formally investigate and report the 2021, 2022 or 2023 complaints
allowed Rodriguez to continue having unsupervised access to John
and Jane Doe, proximately causing their continued sexual abuse by
Rodriguez.

32.     As a result of the minors' sexual abuse, the subsequent criminal
case and treatment of her children, Mother Doe lost her job due to the
time required to address her children's treatment and the criminal
case. Resultantly, Mother Doe has experienced financial hardship.

33.     As a result of John and Jane Doe's sexual abuse, and the school's
complete disregard for their safety, the family relocated for their
safety and to avoid further trauma.

## COUNT I - VIOLATION OF TITLE IX, EDUCATION
## AMENDMENTS OF 1972 - 20 U.S.C. §1681 ET SEQ. AGAINST THE
## SCHOOL BOARD PRIOR TO JOHN DOE'S SEXUAL ABUSE

34.     Mother Doe readopts and realleges all of the allegations set forth
in Paragraphs 1 through 33 as though fully set forth herein.

13

35.    At all relevant times, Defendant The School Board of Manatee County received federal financial assistance.

36.    John Doe had a right to not be subject to sexual discrimination, harassment, or abuse while he attended the School.

37.    Defendant, through its agents and representatives, including Principal Webb and Assistant Principal Rebecca Britto had actual notice of the risk of sexual harassment by Rodriguez toward students, including taking a student to the movies, having the student over for dinner, encouraging inappropriate familial nicknames, and placing a student on his lap prior to or during John Doe's sexual abuse by Rodriguez.

38.    Principal Webb and Assistant Principal Rebecca Britto, as school officials with actual notice, had the responsibility to conduct a prompt, reliable, thorough, and impartial investigation into the complaints against Rodriguez, and/ or report Rodriguez's misconduct to the Title IX coordinator or the Department of Children and Families. Instead, they failed to conduct any meaningful investigation into the complaints of sexual harassment and boundary violations by Rodriguez, with some teachers justifying his behavior as cultural. They were swayed by their relationship with Rodriguez and

their belief that he was like a "grandfather" to the students. Their
investigations were superficial or perfunctory, and not designed to
thoroughly examine Rodriguez's troubling behavior toward students.

39.    Principal Webb and Assistant Principal Rebecca Britto, with
actual notice, had authority to investigate and address the acts of
sexual harassment by Rodriguez and institute corrective measures as
required by Title IX and Florida mandatory reporting laws (Fla. Stat.
§ 39.201). Instead, their failure to conduct a prompt, reliable,
thorough, and impartial investigation, or to report the allegations to
the Department of Children and Families, was clearly unreasonable
and constitutes deliberate indifference, resulting in the continuation
of John Doe's sexual abuse by Rodriguez. As a result of Defendant's
deliberate indifference, John Doe was repeatedly sexually abused on
school grounds by Rodriguez, often during school hours.

40.    The School Board's deliberate indifference to the known risk of
sexual harassment by Rodriguez constituted discrimination on the
basis of sex, as it allowed a hostile educational environment to persist,
disproportionately affecting John Doe due to his gender, as Rodriguez
targeted young male students for sexual abuse, exploiting their
vulnerability in a manner inherently tied to their sex.

41.     John Doe's sexual harassment and abuse on school grounds was so pervasive, severe, and continuous that it created an intolerably hostile and damaging environment for him, effectively barring him from access to educational opportunity or benefit from the School. Rodriguez's conduct was severe, pervasive, and objectively offensive as his sexual abuse toward John Doe occurred often during his second-grade year and involved egregious acts of sexual abuse.

42.     As a direct and proximate result of the School Board's deliberate indifference in response to actual notice, John Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, he sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and the minor will suffer such losses in the future.

16

WHEREFORE, Plaintiff Mother Doe, on behalf of John Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, loss of educational opportunity, and lost earning capacity; special damages; costs; interest; attorneys' fees pursuant to 42 U.S.C. § 1988; and any other relief that this Court deems just and proper.

## COUNT II - VIOLATION OF TITLE IX, EDUCATION AMENDMENTS OF 1972 - 20 U.S.C. §1681 ET SEQ. AGAINST THE SCHOOL BOARD PRIOR TO JANE DOE'S SEXUAL ABUSE

43.   Mother Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

44.   At all relevant times, Defendant The School Board of Manatee County received federal financial assistance.

45.   Jane Doe had a right to not be subject to sexual discrimination, harassment, or abuse while she attended the School.

46.   Defendant, through its agents and representatives, including Principal Webb and Assistant Principal Rebecca Britto had actual notice of the risk of sexual harassment by Rodriguez toward students, including taking a student to the movies, having a student over for dinner, encouraging

inappropriate familial nicknames, and placing a student on his lap prior to or during Jane Doe's sexual abuse by Rodriguez.

47.    Principal Webb and Assistant Principal Rebecca Britto, as school officials with actual notice, had the responsibility to conduct a prompt, reliable, thorough, and impartial investigation into the complaints against Rodriguez and/ or report Rodriguez's misconduct to the Title IX coordinator or the Department of Children and Families. Instead, they failed to conduct any meaningful investigation into the complaints of sexual harassment and boundary violations by Rodriguez, with some teachers justifying his behavior as cultural. They were swayed by their relationship with Rodriguez and their belief that he was like a "grandfather" to the students. Their investigations were superficial or perfunctory, and not designed to thoroughly examine Rodriguez's troubling behavior toward students.

48.    Principal Webb and Assistant Principal Rebecca Britto, with actual notice, had authority to investigate and address the acts of sexual harassment by Rodriguez and institute corrective measures as required by Title IX and Florida mandatory reporting laws (Fla. Stat. § 39.201). Instead, their failure to conduct a prompt, reliable, thorough, and impartial investigation, or to report the allegations to the Department of Children and Families, was clearly unreasonable and constitutes deliberate indifference, resulting in the continuation of Jane Doe's sexual abuse by Rodriguez.

18

49.    As a result of Defendant's deliberate indifference, Jane Doe was
repeatedly sexually harassed and abused on school grounds by Rodriguez,
during school hours.

50.    The School Board's deliberate indifference to the known risk of sexual
harassment by Rodriguez constituted discrimination on the basis of sex, as
it allowed a hostile educational environment to persist, disproportionately
affecting Jane Doe due to her gender, as Rodriguez targeted young female
students for sexual abuse, exploiting their vulnerability in a manner
inherently tied to their sex.

51.    Jane Doe's sexual harassment and abuse on school grounds was so
pervasive, severe, and continuous that it created an intolerably hostile and
damaging environment for her, effectively barring her from access to
educational opportunity or benefit from the School. Rodriguez's conduct was
severe, pervasive, and objectively offensive as it occurred over thirty times
and involved egregious sexual abuse.

52.    As a direct and proximate result of the School Board's deliberate
indifference in response to actual notice, Jane Doe has suffered severe
psychological, emotional, and physical injuries, and emotional distress
arising out of the physical injuries, pain and suffering, mental anguish,
inconvenience, loss of capacity for the enjoyment of life, inability to lead a
normal life, shame, humiliation, and regression, loss of future income, costs

19

associated with medical/psychological care and treatment. Alternatively, she sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and the minor will suffer such losses in the future.

**WHEREFORE**, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, loss of educational opportunity, and lost earning capacity; special damages; costs; interest; attorneys' fees pursuant to 42 U.S.C. § 1988; and any other relief that this Court deems just and proper.

## COUNT III - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT (JOHN DOE)

53.    Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 33, as if fully set forth herein.

54.    At all times material, Defendant, The School Board of Manatee County, was a state actor acting under color of state law within the meaning of 42 U.S.C. § 1983.

55.    John Doe, enrolled at Florine J. Abel Elementary School during the events giving rise to this action, had a clearly established constitutional right under the Substantive Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1, to bodily integrity and to be free from sexual abuse in the public-school setting.

56.    Defendant, through its policymaking officials and agents, had subjective knowledge of a substantial risk of serious harm to John Doe posed by Rodriguez's blatant boundary violations, sexual harassment, sexual abuse, and grooming behavior toward young and vulnerable students. Including but not limited to the following: (a) in Spring 2021, Assistant Principal Rebecca Britto was informed of Rodriguez's inappropriate off-campus interactions with a student, including taking the student to the movies and having the student over for dinner, and encouraging students to use familial nicknames such as "Daddy," "Papi," or "Abuelo"; (b) in April 2023, Principal Samantha Webb received a parent's complaint that Rodriguez placed her son on his lap, with the child confirming this occurred while displaying emotional distress; (c) during the 2022 and 2023 school years, John Doe and Jane Doe reported Rodriguez's harassment to Ms. Johnson, a teacher, and she warned she would send Jane Doe to the principal's office, Ms. Johnson was also aware of Rodriguez's favoritism toward some students, and Rodriguez's use of familial nicknames and favoritism; and (d) Jane Doe was

sent to the front office and scolded for lying after disclosing Rodriguez's sexual abuse. Yet, Rodriguez's abuse of John Doe continued. These reports provided actual notice of Rodriguez's grooming, predatory conduct and the risk of sexual abuse to students like John Doe.

57. Defendant had actual knowledge of the risk, as Rodriguez's misconduct and repeated boundary violations, including off-campus interactions and inappropriate physical contact, were so pervasive and obvious that a reasonably diligent school board would have investigated and taken corrective action.

58. Defendant disregarded this risk by maintaining a custom of deliberate indifference, including: (a) a longstanding practice or unwritten policy of not conducting formal investigations into reports of employee misconduct absent criminal charges, as evidenced by the 2021 and 2023 notice of misconduct and reports to Darnell, Johnson, Webb, and Britto, and prior uninvestigated complaints; (b) failing to report to the Department of Children and Families or notify the Title IX coordinator; (c) failing to discipline Rodriguez or implement safety measures; and (d) failing to adequately train staff, including Ms. Johnson, Ms. Darnell, Principal Webb, and Assistant Principal Britto, on mandatory reporting requirements under Fla. Stat. § 39.201 and recognizing grooming behaviors, which directly contributed to their failure to report Rodriguez's misconduct in 2021 and

2023, allowing him to continue abusing John Doe. The 2021 reports, part of a continuing pattern of deliberate indifference through 2023, contributed to John Doe's sexual abuse by Rodriguez. This custom of not investigating complaints absent criminal charges was the moving force behind the violation of John Doe's constitutional right to bodily integrity under the Fourteenth Amendment.

59.    Sexual abuse of students by Rodriguez is a plainly obvious consequence of Defendant's action of consciously ignoring reports of misconduct by Rodriguez toward his students, and failing to report, and adequately investigate. John Doe's deprivation of the constitutional right was plainly obvious.

60.    Defendant's conduct constituted reckless disregard of student safety, exceeding gross negligence, by consciously ignoring credible reports of Rodriguez's sexual abuse, boundary violations, such as placing students on his lap, and grooming, such as inappropriate physical contact, off-campus interactions, and encouraging familial nicknames, and making a deliberate choice to disregard the danger to students like John Doe.

61.    Defendant's affirmative inaction created a dangerous environment that foreseeably led to the violation of John Doe's constitutional rights, satisfying the state-created danger doctrine. Specifically, after Jane Doe reported to Ms. Johnson that Rodriguez placed her on his lap, and

threatened her, Ms. Johnson warned Jane Doe that she could be sent to the principal's office, and carried out her warning, discouraging further reports. Further, Defendant failed to investigate, discipline, monitor, or remove Rodriguez after receiving credible reports of misconduct or sexual harassment, Defendant increased the risk of harm to John Doe, a foreseeable victim in the School's care, proximately causing his sexual abuse. Defendant created a dangerous environment particularized to John Doe as an ESOL student, who was under Rodriguez's direct supervision, foreseeably leading to sexual abuse. Defendant's failure to act on 2021, and 2022 reports of off-campus interactions enabled Rodriguez to escalate grooming into sexual abuse, and continue his sexual abuse of students.

62.    Defendant's deliberate indifference, characterized by conscience-shocking conduct, included the following: (a) ignoring the 2021 report of Rodriguez's off-campus interactions with a student, which posed a clear risk of grooming; (b) dismissing the April 2023 parent complaint as a misunderstanding without an adequate and formal investigation, despite the child's emotional distress; (c) allowing Rodriguez continued unsupervised access to vulnerable children; and (d) ignoring John and Jane Doe's complaints and sending Jane Doe to the front office, discouraging future reports. These actions demonstrate arbitrary disregard for student safety.

63.    Defendant's actions violated John Doe's right to bodily integrity under the Fourteenth Amendment's Due Process Clause. This violation was not a one-time negligent act but a widespread practice of ignoring student safety complaints, inadequate Title IX compliance, and dismissing credible reports, resulting in John Doe's deprivation of his constitutional rights. Defendant's deliberate indifference, characterized by conscience-shocking conduct, included ignoring multiple credible reports of Rodriguez's grooming behavior and sexual harassment over two years, failing to report to DCF, and allowing Rodriguez unsupervised access to vulnerable children, demonstrating arbitrary disregard for student safety.

64.    Defendant's deliberate indifference, including affirmatively allowing Rodriguez unsupervised access to students after credible reports, foreseeably led to the violation of John Doe's constitutional rights, satisfying the requirements for liability under § 1983.

65.    As a proximate result of Defendant's conduct, John Doe suffered physical and emotional harm, trauma, loss of dignity, and other compensable injuries, entitling him to compensatory damages, attorneys' fees, and all relief available under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Mother Doe, on behalf of John Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical

expenses, psychological treatment costs, pain and suffering, emotional
distress, mental anguish, loss of capacity for the enjoyment of life, and lost
earning capacity; special damages; costs; interest; attorneys' fees pursuant to
42 U.S.C. § 1988; and any other relief that this Court deems just and proper.

### COUNT IV - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT (JANE DOE)

66.    Plaintiff realleges and incorporates by reference the allegations set

forth in Paragraphs 1 through 33 as if fully set forth herein.

67.    At all times material, Defendant, The School Board of Manatee County,

was a state actors acting under equal law within the meaning of 42 U.S.C.

§ 1983.

68.    Jane Doe, enrolled at Florine J. Abel Elementary School during the

events giving rise to this action, had a clearly established constitutional

right under the Substantive Due Process Clause of the Fourteenth

Amendment, U.S. Const. amend. XIV, § 1, to bodily integrity and to be free

from sexual abuse in the public-school setting.

69.    Defendant, through its policymaking officials and agents, had subjective

knowledge of a substantial risk of serious harm to Jane Doe posed by

Rodriguez's blatant boundary violations sexual harassment, sexual abuse,

and grooming behavior toward young and vulnerable students. Specifically:

(a) in Spring 2021, Assistant Principal Rebecca Britto was informed of

26

Rodriguez's inappropriate off-campus interactions with a student, including taking the student to the movies and having the student over for dinner, and encouraging students to use familial nicknames such as "Daddy," "Papi," or "Abuelo"; (b) in April 2023, Principal Samantha Webb received a parent's complaint that Rodriguez placed her son on his lap, with the child confirming this occurred while displaying emotional distress; (c) during the 2022–2023 school year, John Doe and Jane Doe reported Rodriguez's harassment to Ms. Johnson, a teacher, and she warned she would send Jane Doe to the principal's office, Ms. Johnson was also aware of Rodriguez's favoritism toward some students, and Rodriguez's use of familial nicknames and favoritism; and (d) Jane Doe was sent to the front office and scolded for lying after disclosing Rodriguez's sexual abuse. Yet, Rodriguez continued to have access to and sexually abuse Jane Doe. These reports provided actual notice of Rodriguez's predatory conduct and the risk of sexual abuse to students like Jane Doe.

70.   Defendant had actual knowledge of the risk, as Rodriguez's misconduct and repeated boundary violations, including off-campus interactions and inappropriate physical contact, were so pervasive and obvious that a reasonably diligent school board would have investigated and taken corrective action.

71.   Defendant disregarded this risk by maintaining a custom of deliberate indifference, including: (a) a longstanding practice or unwritten policy of not conducting formal investigations into reports of employee misconduct absent criminal charges, as evidenced by the 2021 and 2023 reports and notice of misconduct to Darnell, Johnson, Webb, and Britto, and prior uninvestigated complaints; (b) failing to report to the Department of Children and Families or notify the Title IX coordinator; (c) failing to discipline Rodriguez or implement safety measures; and (d) failing to adequately train staff, including Ms. Johnson, Principal Webb, and Assistant Principal Britto, on mandatory reporting requirements under Fla. Stat. § 39.201 and recognizing grooming behaviors, which directly contributed to their failure to report Rodriguez's misconduct in 2021 and 2023, allowing him to continue abusing Jane Doe. The 2021 reports, part of a continuing pattern of deliberate indifference through 2023, contributed to Jane Doe's sexual abuse by Rodriguez. This custom of not investigating complaints absent criminal charges was the moving force behind the violation of Jane Doe's constitutional right to bodily integrity under the Fourteenth Amendment.

72.   Sexual abuse of students by Rodriguez is a plainly obvious consequence of Defendant's action of consciously ignoring reports of misconduct by

Rodriguez toward his students, and failing to report, and investigate. Jane Doe's deprivation of the constitutional right was plainly obvious.

73.    Defendant's conduct constituted reckless disregard of student safety, exceeding gross negligence, by consciously ignoring credible reports of Rodriguez's sexual abuse, boundary violations, such as placing students on his lap, and grooming, such as inappropriate physical contact, off-campus interactions, and encouraging familial nicknames, and making a deliberate choice to disregard the danger to students like Jane Doe.

74.    Defendant's affirmative inaction created a dangerous environment that foreseeably led to the violation of Jane Doe's constitutional rights, satisfying the state-created danger doctrine. Specifically, after Jane Doe reported to Ms. Johnson that Rodriguez placed her on his lap, and threatened her, Ms. Johnson warned Jane Doe that she could be sent to the principal's office, discouraging further reports, and sent Jane Doe to the front office accusing her of lying. Further, Defendant failed to investigate, discipline, monitor, or remove Rodriguez after receiving credible reports of misconduct or sexual harassment, Defendant increased the risk of harm to Jane Doe, a foreseeable victim in the School's care, proximately causing her sexual abuse. Defendant created a dangerous environment particularized to Jane Doe as an ESOL student, who was under Rodriguez's direct supervision, foreseeably leading to sexual abuse. Defendant's failure to act on 2021, and

2022 reports of off-campus interactions enabled Rodriguez to escalate grooming into sexual abuse, and continue his sexual abuse of students.

75.   Defendant's deliberate indifference, characterized by conscience-shocking conduct, included the following: (a) ignoring the 2021 report of Rodriguez's off-campus interactions with a student, which posed a clear risk of grooming; (b) dismissing the April 2023 parent complaint as a misunderstanding without an adequate and formal investigation, despite the child's emotional distress; (c) allowing Rodriguez continued unsupervised access to vulnerable children; and (d) ignoring John and Jane Doe's complaints and sending Jane Doe to the front office, discouraging future reports.

76.   Defendant's actions violated Jane Doe's right to bodily integrity under the Fourteenth Amendment's Due Process Clause. This violation was not a one-time negligent act but a widespread practice of ignoring student safety complaints, inadequate Title IX compliance, and dismissing credible reports, resulting in Jane Doe's deprivation of her constitutional rights. Defendant's deliberate indifference, characterized by conscience-shocking conduct, included ignoring multiple credible reports of Rodriguez's grooming behavior and sexual harassment over two years, failing to report to DCF, and allowing Rodriguez unsupervised access to vulnerable children, demonstrating arbitrary disregard for student safety.

77.     As a proximate result of Defendant's conduct, Jane Doe suffered physical

and emotional harm, trauma, loss of dignity, and other compensable

injuries, entitling her to compensatory damages, attorneys' fees, and all

relief available under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully

requests that this Court enter judgment against Defendant The School Board

of Manatee County and award compensatory damages, including medical

expenses, psychological treatment costs, pain and suffering, emotional

distress, mental anguish, loss of capacity for the enjoyment of life, and lost

earning capacity; special damages; costs; interest; attorneys' fees pursuant to

42 U.S.C. § 1988; and any other relief that this Court deems just and proper.

## COUNT V - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 – EQUAL PROTECTION CLAUSE (JOHN DOE) (MANATEE COUNTY SCHOOL BOARD AND TEACHER DEFENDANT)

78.     Plaintiff Mother Doe, on behalf of John Doe, realleges and incorporates

by reference the allegations set forth in Paragraphs 1 through 33 as if fully

set forth herein.

79.     At all times material, Defendant, The School Board of Manatee County,

and Teacher Defendant were state actors acting under color of state law

within the meaning of 42 U.S.C. § 1983.

80.    John Doe, enrolled at Florine J. Abel Elementary School during the events giving rise to this action, had a clearly established constitutional right under the Equal Protection Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1, to be free from gender-based discrimination, including sexual harassment and abuse by state actors in the public-school setting.

81.    As a consequence, the Teacher Defendant and the Manatee County School Board, acting or purporting to act under color of state law, intentionally and purposefully discriminated against Plaintiff because of his sex by depriving him of the rights guaranteed to him by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and his rights under 42 U.S.C. § 1983.

82.    School Board Defendant, through its policymaking officials and agents, including Principal Samantha Webb, Assistant Principal Rebecca Britto, and teacher Ms. Johnson, exhibited deliberate indifference to known sexual harassment by Rodriguez, constituting gender-based discrimination against John Doe, a young male student, in violation of the Equal Protection Clause.

83.    The School Board had subjective knowledge of a substantial risk of gender-based discrimination against John Doe, as evidenced by: (a) a former employee's report to Britto in Spring 2021 of Rodriguez's inappropriate off-

campus interactions with a student, including taking a student to the movies and hosting them for dinner, and encouraging familial nicknames like "Daddy" or "Abuelo"; (b) a parent's complaint to Webb in April 2023 that Rodriguez placed her son on his lap, confirmed by the child with emotional distress; and (c) Jane and John Doe's reports to Ms. Johnson in 2022 and 2023 of Rodriguez's sexual abuse, which was ignored. These reports provided actual notice of Rodriguez's predatory conduct targeting young male students, including John Doe.

84.    During Rodriguez's sexual abuse, Ms. Johnson, a teacher at Florine J. Abel Elementary School, was aware that Rodriguez placed John and Jane Doe on his lap, showed favoritism toward certain students, referring to them as his "favorites," and allowing his favorite students to sit next to his desk. Jane Doe reported Rodriguez's sexual abuse to Ms. Johnson during the 2021-2022 school year, but no action was taken in response. Further, Ms. Johnson witnessed Rodriguez place students on his lap as early as the 2021 school year. John Doe reported Rodriguez's abuse in the 2022-2023 school year, yet no action was taken by Ms. Johnson.

85.    Rodriguez's sexual abuse, including fondling John Doe's buttocks and penis and digital penetration, constituted gender-based discrimination, as it targeted John Doe due to his male gender, exploiting his vulnerability as a young male student in a manner inherently tied to his sex.

86.    Defendants' deliberate indifference, a stringent standard of fault under

42 U.S.C. § 1983 and relevant case law, was exhibited through a custom of

failing to investigate or address reports of sexual harassment, with a direct

causal link to the deprivation of John Doe's right to equal protection. This

custom included: (a) a longstanding practice of not conducting formal

investigations absent criminal charges, as evidenced by the uninvestigated

2021, 2022 and 2023 reports; (b) failing to report to the Department of

Children and Families or notify the Title IX coordinator, despite the absence

of a designated coordinator or publicized grievance procedures; (c) failing to

discipline or monitor Rodriguez; and (d) failing to train staff on recognizing

and reporting gender-based misconduct, including sexual abuse.

87.    The deprivation of John Doe's constitutional right was a plainly obvious

consequence of this custom, as the Defendants' inaction foreseeably allowed

Rodriguez's gender-based abuse to continue unchecked, satisfying the

causation requirement.

88.    The School Board's policymakers, including Webb and Britto,

disregarded the known or obvious consequence of their inadequate decisions

not to investigate or act on reports of Rodriguez's sexual harassment, as the

repeated failure to intervene after credible reports in 2021, 2022, and 2023

directly enabled Rodriguez to perpetrate sexual abuse against John Doe

during the 2022–2023 school year. This inaction constitutes deliberate indifference to known sexual harassment.

89.    The Teacher Defendant and the Manatee County School Board's discriminatory actions violated Plaintiff's clearly-established legal rights protecting him against sex discrimination and were performed with malice and/or done with reckless disregard to the Plaintiff's federally-protected civil rights. Further, the Teacher Defendant and the Manatee County School Board have demonstrated gross negligence and deliberate indifference with respect to ensuring Plaintiff's clearly-established legal rights were protected.

90.    As a proximate result of Defendants' deliberate indifference, with a direct causal link to Defendants' custom of inaction, John Doe suffered severe physical and psychological injuries, including diagnosed post-traumatic stress disorder, anxiety, and behavioral regression, as well as emotional distress, mental anguish, shame, humiliation, and loss of capacity for the enjoyment of life. These injuries are permanent and continuing in nature, entitling John Doe to compensatory damages, attorneys' fees, and all relief available under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Mother Doe, on behalf of John Doe, respectfully requests that this Court enter judgment against Defendants and award compensatory damages, including medical expenses, psychological treatment

costs, pain and suffering, emotional distress, mental anguish, loss of capacity

for the enjoyment of life, and lost earning capacity; special damages; costs;

interest; attorneys' fees pursuant to 42 U.S.C. § 1988; and any other relief that

this Court deems just and proper.

### COUNT VI - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 – EQUAL PROTECTION CLAUSE
### (JANE DOE)
### (MANATEE COUNTY SCHOOL BOARD AND TEACHER DEFENDANT)

91.    Plaintiff Mother Doe, on behalf of Jane Doe, realleges and incorporates

by reference the allegations set forth in Paragraphs 1 through 33 as if fully

set forth herein.

92.    At all times material, Defendant, The School Board of Manatee County,

and Teacher Defendant were state actors acting under color of state law

within the meaning of 42 U.S.C. § 1983.

93.    Jane Doe, enrolled at Florine J. Abel Elementary School during the

events giving rise to this action, had a clearly established constitutional

right under the Equal Protection Clause of the Fourteenth Amendment,

U.S. Const. amend. XIV, § 1, to be free from gender-based discrimination,

including sexual harassment and abuse by state actors in the public-school

setting.

36

94.     As a consequence, the Teacher Defendant and the Manatee County School Board, acting or purporting to act under color of state law, intentionally and purposefully discriminated against Plaintiff because of her sex by depriving her of the rights guaranteed to her by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and her rights under 42 U.S.C. § 1983.

95.     The School Board, through its policymaking officials and agents, including Principal Samantha Webb, Assistant Principal Rebecca Britto, and teacher Ms. Johnson, exhibited deliberate indifference to known sexual harassment by Rodriguez, constituting gender-based discrimination against Jane Doe, a young female student, in violation of the Equal Protection Clause.

96.     The School Board had subjective knowledge of a substantial risk of gender-based discrimination against Jane Doe, as evidenced by: (a) a former employee's report to Britto in Spring 2021 of Rodriguez's inappropriate off-campus interactions with a student, including taking a student to the movies and hosting them for dinner, and encouraging familial nicknames like "Daddy" or "Abuelo"; (b) a parent's complaint to Webb in April 2023 that Rodriguez placed her son on his lap, confirmed by the child with emotional distress; and (c) Jane and John Doe's reports to Ms. Johnson in 2022 and 2023 of Rodriguez's sexual abuse, which was ignored. These

reports provided actual notice of Rodriguez's predatory conduct targeting young female students, including Jane Doe.

97.    During Rodriguez's sexual abuse, Ms. Johnson, a teacher at Florine J. Abel Elementary School, was aware that Rodriguez placed John and Jane Doe on his lap, showed favoritism toward certain students, referring to them as his "favorites," and allowing his favorite students to sit next to his desk. Jane Doe reported Rodriguez's sexual abuse to Ms. Johnson during the 2021-2022 school year, but no action was taken in response. Further, Ms. Johnson witnessed Rodriguez place students on his lap as early as the 2021 school year. John Doe reported Rodriguez's abuse in the 2022-2023 school year, yet no action was taken by Ms. Johnson.

98.    Rodriguez's sexual abuse, including fondling Jane Doe under her clothes, constituted gender-based discrimination, as it targeted Jane Doe due to her female gender, exploiting her vulnerability as a young female student in a manner inherently tied to her sex.

99.    Defendants' deliberate indifference, a stringent standard of fault under 42 U.S.C. § 1983 and relevant case law, was exhibited through a custom of failing to investigate or address reports of sexual harassment, with a direct causal link to the deprivation of Jane Doe's right to equal protection. This custom included: (a) a longstanding practice of not conducting formal investigations absent criminal charges, as evidenced by the uninvestigated

38

2021, 2022 and 2023 reports; (b) failing to report to the Department of Children and Families or notify the Title IX coordinator, despite the absence of a designated coordinator or publicized grievance procedures; (c) failing to discipline or monitor Rodriguez; and (d) failing to train staff on recognizing and reporting gender-based misconduct, including sexual abuse.

100. The deprivation of Jane Doe's constitutional right was a plainly obvious consequence of this custom, as the Defendants' inaction foreseeably allowed Rodriguez's gender-based abuse to continue unchecked, satisfying the causation requirement.

101. The School Board's policymakers, including Webb and Britto, disregarded the known or obvious consequence of their inadequate decisions not to investigate or act on reports of Rodriguez's sexual harassment, as the repeated failure to intervene after credible reports in 2021, 2022, and 2023 directly enabled Rodriguez to perpetrate sexual abuse against Jane Doe during the 2022–2023 school year. This inaction constitutes deliberate indifference to known sexual harassment.

102. The Teacher Defendant and the Manatee County School Board's discriminatory actions violated Plaintiff's clearly-established legal rights protecting her from sex discrimination and were performed with malice and/or done with reckless disregard to the Plaintiff's federally-protected civil rights. Further, the Teacher Defendant and the Manatee County

School Board have demonstrated gross negligence and deliberate indifference with respect to ensuring Plaintiff's clearly-established legal rights were protected.

103. As a proximate result of Defendants' deliberate indifference, with a direct causal link to Defendants' custom of inaction, Jane Doe suffered severe physical and psychological injuries, including diagnosed post-traumatic stress disorder, anxiety, and behavioral regression, as well as emotional distress, mental anguish, shame, humiliation, and loss of capacity for the enjoyment of life. These injuries are permanent and continuing in nature, entitling Jane Doe to compensatory damages, attorneys' fees, and all relief available under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully requests that this Court enter judgment against Defendants and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; attorneys' fees pursuant to 42 U.S.C. § 1988; and any other relief that this Court deems just and proper.

**COUNT VII - NEGLIGENCE AGAINST THE SCHOOL BOARD PRIOR TO AND DURING JOHN DOE'S SEXUAL ABUSE BY AGGRESSOR**

104.    John Doe readopts and realleges all of the allegations set forth in
Paragraphs 1 through 33 as though fully set forth herein.

105.    Defendant is liable for negligence, negligent retention, negligent
supervision, and negligent training. All conditions precedent to the bringing
of this cause of action have been satisfied or waived, including the notice
required by Florida Statute §768.28.

106.    Defendant was in a special relationship with John Doe of school-student,
such that it owed a duty to protect him from foreseeable harm on school
grounds and during school-related activities, including during school hours.
At all material times, Defendant owed a duty to use reasonable care to
protect the safety, care, well-being, and health of the minor John Doe while
he was under its care and custody. These duties encompassed the protection
and supervision of John Doe, and otherwise providing a safe environment
for John Doe while on school premises.

107.    Defendant was in a special relationship with Rodriguez of employer-
employee, such that it had a duty to take steps to ensure that Rodriguez
was safe and fit. Further, the School had the ability to institute disciplinary
measures to deter further misconduct by Rodriguez.

108.    The School Board owed John Doe a duty to lessen the risk of sexual
harassment as Defendant's conduct created a foreseeable zone of risk. John
Doe, as Rodriguez's student, was at risk of sexual harassment and abuse

41

due to the school's deliberate indifference toward allegations of sexual harassment by Rodriguez. School officials, including Principal Webb, Assistant Principal Rebecca Britto, and Ms. Darnell and Ms. Johnson, ignored or failed to properly respond to complaints against Rodriguez and/or actual notice of misconduct toward students, thereby placing his students at risk of sexual harassment and abuse.

109.    The School Board ha d a duty to investigate and supervise Rodriguez to prevent foreseeable harm to students and prevent sexual harassment and abuse of students by Rodriguez.

110.    The School was on notice as early as Spring 2021 that Rodriguez engaged in inappropriate contact with students, including taking a student to the movies, having a student over for dinner, encouraging inappropriate familial nicknames, and showing favoritism toward certain students. Teachers, including Ms. Johnson, were present during some incidents of abuse but failed to intervene due to inattention. Further, Ms. Johnson had actual notice of Rodriguez's sexual abuse toward John, and Jane Doe and both Ms. Johnson and Ms. Darnell saw Rodriguez placing students on his lap, and failed to take reasonable measures toward keeping John and Jane Doe safe from Rodriguez's sexual abuse.

111.    Prior to John Doe's sexual abuse by Rodriguez, the School Board, in the exercise of reasonable care, should have known that Rodriguez posed a

42

danger and a threat to the health, safety, and welfare of students, including
John Doe.

112.   The foreseeability of John Doe's sexual abuse was heightened by the
School Board's failure to act on multiple prior reports of Rodriguez's
inappropriate behavior, including those from Spring 2021, 2022 and April
2023.

113.   Despite the School Board's actual knowledge of the dangerous conduct
exhibited by Rodriguez, the School Board breached its duty to protect John
Doe by essentially condoning Rodriguez's harassment, by failing to
investigate complaints, including those from a former employee, a parent,
and Jane Doe, and failing to institute corrective measures.

114.   With such knowledge, the School Board failed to adequately supervise
Rodriguez's acts and conduct, needlessly endangering John Doe's health
and safety.

115.   In light of the School Board's actual knowledge of Rodriguez's propensity
to sexually harass students, including reports from Spring 2021 and April
2023, John Doe's sexual harassment and abuse by Rodriguez were
reasonably foreseeable to the School Board.

116.   The School Board breached its duties by failing to protect the minor,
John Doe, from sexual harassment and sexual abuse committed upon him

while he was present on school grounds, during school hours, on the
premises of the School.

117.  Appropriate and reasonable investigation and discipline of perpetrators
deter future misconduct, which in turn protects students from
victimization. The School Board breached its duty by failing to properly
investigate allegations of sexual harassment by Rodriguez, including
reports from a former employee, a parent, and Jane Doe. Thus, this resulted
in John Doe's sexual harassment and abuse by Rodriguez.

118.  Upon receiving actual notice of Rodriguez's sexual misconduct, grooming
and boundary violations against his students, the School Board negligently
retained Rodriguez as an ESOL paraprofessional, having unfettered access
to students. Defendant failed to monitor Rodriguez; supervise or monitor
his interactions with students; and contact students' parents regarding
allegations of misconduct against Rodriguez. Resulting in sexual abuse by
Rodriguez.

119.  The School Board's negligent supervision and retention of Rodriguez,
despite actual notice of his propensity for inappropriate conduct with
students, outside the scope of his employment, directly and proximately
caused John Doe's sexual harassment and abuse. By failing to take
reasonable action to remove or restrict Rodriguez's access to students after
receiving credible reports of his boundary violations and sexual

harassment, the School Board allowed Rodriguez to remain in a position of authority and proximity to John Doe, resulting in the foreseeable harm suffered by John.

120.   The School Board of Manatee County had a duty to adequately train its employees, including Principal Samantha Webb, Assistant Principal Rebecca Britto and Ms. Johnson, to recognize, report, and respond to inappropriate behavior and boundary violations by staff members, such as those exhibited by Rodriguez, to ensure the safety of students, including John Doe. This duty included providing training on identifying signs of sexual misconduct, complying with Title IX reporting requirements, and taking immediate action to protect students from foreseeable harm. Upon information and belief, the School Board failed to provide adequate training to Britto and Johnson, leaving them ill-equipped to address reports of Rodriguez's inappropriate conduct, such as taking students to movies, hosting them for dinner, encouraging inappropriate familial nicknames, and placing students on his lap.

121.   The School Board's failure to adequately train Webb, Britto, Darnell and Johnson directly and proximately contributed to the sexual harassment and abuse of John Doe. Despite receiving reports as early as Spring 2021 about Rodriguez's boundary violations, including from a former employee to Britto and a parent's complaint in April 2023, Britto and Webb failed to initiate a

proper investigation or report the incidents as required. Similarly, Ms. Johnson, aware of Rodriguez's favoritism and John and Jane Doe's report of sexual abuse, failed to take corrective action or report the behavior, due in part to inadequate training on recognizing and responding to such red flags and behaviors that posed a risk of sexual harassment. This lack of training enabled Rodriguez to continue his predatory behavior, resulting in John Doe's sexual abuse.

122.   The School Board breached these duties by failing to protect the minor, John Doe, from sexual harassment and sexual abuse committed upon him while he was present on school grounds, during school hours on the premises of the School.

123.   As a direct and proximate result of the School Board's breach of its duties, John Doe was sexually harassed and sexually abused by Rodriguez while attending the School.

124.   As a result of the sexual harassment and sexual abuse, John Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, John Doe sustained an aggravation of an existing

46

disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and John Doe will suffer such losses in the future.

**WHEREFORE**, Plaintiff Mother Doe, on behalf of John Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

### COUNT VIII - NEGLIGENCE AGAINST THE SCHOOL BOARD PRIOR TO AND DURING JANE DOE'S SEXUAL ABUSE BY AGGRESSOR

125.  Jane Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

126.  Defendant is liable for negligence, negligent retention, negligent supervision, and negligent training. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

47

127.   Defendant was in a special relationship with Jane Doe of school-student, such that it owed a duty to protect her from foreseeable harm on school grounds and during school-related activities, including during school hours. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being, and health of the minor Jane Doe while she was under its care and custody. These duties encompassed the protection and supervision of Jane Doe, and otherwise providing a safe environment for Jane Doe while on school premises.

128.   Defendant was in a special relationship with Rodriguez of employer-employee, such that it had a duty to take steps to ensure that Rodriguez was safe and fit. Further, the School had the ability to institute disciplinary measures to deter further misconduct by Rodriguez.

129.   The School Board owed Jane Doe a duty to lessen the risk of sexual harassment as Defendant's conduct created a foreseeable zone of risk. Jane Doe, as Rodriguez's student, was at risk of sexual harassment and abuse due to the school's deliberate indifference toward allegations of sexual harassment by Rodriguez. School officials, including Principal Webb, Assistant Principal Rebecca Britto, and Ms. Darnell and Ms. Johnson, ignored or failed to properly respond to complaints against Rodriguez and/or actual notice of misconduct toward students, thereby placing his students at risk of sexual harassment and abuse.

130.   The School Board had a duty to investigate and supervise Rodriguez to prevent foreseeable harm to students and prevent sexual harassment and abuse of students by Rodriguez.

131.   The School was on notice as early as Spring 2021 that Rodriguez engaged in inappropriate contact with students, including taking a student to the movies, having a student over for dinner, encouraging inappropriate familial nicknames, and showing favoritism toward certain students. Teachers, including Ms. Johnson, were present during some incidents of abuse but failed to intervene due to inattention.

132.   The foreseeability of Jane Doe's sexual abuse was heightened by the School Board's failure to act on multiple prior reports of Rodriguez's inappropriate behavior, including those from Spring 2021, 2022, and 2023.

133.   Prior to Jane Doe's sexual abuse by Rodriguez, the School Board, in the exercise of reasonable care, should have known that Rodriguez posed a danger and a threat to the health, safety, and welfare of students, including Jane Doe.

134.   With such knowledge, the School Board failed to adequately supervise Rodriguez's acts and conduct, needlessly endangering Jane Doe's health and safety.

135.   Despite the School Board's actual knowledge of the dangerous conduct exhibited by Rodriguez, the School Board breached its duty to protect Jane

Doe by essentially condoning Rodriguez's harassment, by failing to
investigate complaints, including those from a former employee, a parent,
and Jane Doe herself, and failing to institute corrective measures.

136.   In light of the School Board's actual knowledge of Rodriguez's propensity
to sexually harass and abuse students, including reports from Spring 2021,
2022, and April 2023, Jane Doe's sexual harassment and abuse by
Rodriguez were reasonably foreseeable to the School Board.

137.   The School Board breached its duties by failing to protect the minor,
Jane Doe, from sexual harassment and sexual abuse committed upon her
while she was present on school grounds, during school hours, on the
premises of the School.

138.   Appropriate and reasonable investigation and discipline of perpetrators
deter future misconduct, which in turn protects students from
victimization. The School Board breached its duty by failing to properly
investigate allegations of sexual harassment by Rodriguez, including
reports from a former employee, a parent, John Doe and Jane Doe. Thus,
this resulted in Jane Doe's sexual harassment and abuse by Rodriguez.

139.   Upon receiving actual notice of Rodriguez's sexual misconduct, grooming
and boundary violations against his students, the School Board negligently
retained Rodriguez as an ESOL paraprofessional, having unfettered access
to students. Defendant failed to monitor Rodriguez; supervise or monitor

50

his interactions with students; and contact students' parents regarding allegations of misconduct against Rodriguez. Resulting in sexual abuse by Rodriguez.

140.  The School Board's negligent retention of Rodriguez, despite actual notice of his propensity for inappropriate conduct with students, outside the scope of his employment, directly and proximately caused Jane Doe's sexual harassment and abuse. By failing to take reasonable action to remove or restrict Rodriguez's access to students after receiving credible reports of his boundary violations, the School Board allowed Rodriguez to remain in a position of authority and proximity to Jane Doe, resulting in the foreseeable harm suffered by Jane Doe.

141.  The School Board of Manatee County had a duty to adequately train its employees, including Principal Samantha Webb, Assistant Principal Rebecca Britto, Ms. Darnell and Ms. Johnson, to recognize, report, and respond to inappropriate behavior and boundary violations by staff members, such as those exhibited by Angel Rodriguez Mercado, to ensure the safety of students, including Jane Doe. This duty included providing training on identifying signs of sexual misconduct, complying with Title IX reporting requirements, and taking immediate action to protect students from foreseeable harm. Upon information and belief, the School Board failed to provide adequate training to Britto and Johnson, leaving them ill-

equipped to address reports of Rodriguez's inappropriate conduct, such as taking students to movies, hosting them for dinner, encouraging inappropriate familial nicknames, and placing students on his lap.

142.  The School Board's failure to adequately train Webb, Britto, Darnell, Johnson, and Darnell directly and proximately contributed to the sexual harassment and abuse of Jane Doe. Despite receiving reports as early as Spring 2021 about Rodriguez's boundary violations, including from a former employee to Britto and a parent's complaint in April 2023, Britto and Webb failed to initiate a proper investigation or report the incidents as required. Similarly, Ms. Johnson, aware of Rodriguez's favoritism and John and Jane Doe's report of sexual abuse, failed to take corrective action or report the behavior, due in part to inadequate training on recognizing and responding to such red flags and behaviors that posed a risk of sexual harassment. This lack of training enabled Rodriguez to continue his predatory behavior, resulting in Jane Doe's sexual abuse.

143.  The School Board breached these duties by failing to protect the minor, Jane Doe, from sexual harassment and sexual abuse committed upon her while she was present on school grounds, during school hours, on the premises of the School.

144.  As a direct and proximate result of the School Board's breach of its
duties, Jane Doe was sexually harassed and sexually abused by Rodriguez
while attending the School.

145.  As a result of the sexual harassment and sexual abuse, Jane Doe has
suffered severe psychological, emotional, and physical injuries, and
emotional distress arising out of the physical injuries, pain and suffering,
mental anguish, inconvenience, loss of capacity for the enjoyment of life,
inability to lead a normal life, shame, humiliation, and regression, loss of
future income, costs associated with medical/psychological care and
treatment. Alternatively, Jane Doe sustained an aggravation of an existing
disease or mental or physical defect or activation of a latent condition and
the same losses associated with such. The injuries and damages are
permanent and continuing in nature, and Jane Doe will suffer such losses
in the future.

**WHEREFORE**, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully
requests that this Court enter judgment against Defendant The School Board
of Manatee County and award compensatory damages, including medical
expenses, psychological treatment costs, pain and suffering, emotional
distress, mental anguish, loss of capacity for the enjoyment of life, and lost

earning capacity; special damages; costs; interest; and any other relief that this

Court deems just and proper.

## COUNT IX- VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. JOHNSON'S NEGLIGENCE PRIOR TO AND DURING JOHN DOE'S SEXUAL ABUSE

146.  Mother Doe readopts and realleges all of the allegations set forth in

Paragraphs 1 through 33 as though fully set forth herein.

147.  All conditions precedent to the bringing of this cause of action have been

satisfied or waived, including the notice required by Florida Statute

§768.28.

148.  At all relevant times, Ms. Johnson was a teacher employed by the School

Board of Manatee County, acting within the course and scope of her

employment at Florine J. Abel Elementary School.

149.  Ms. Johnson, as a teacher, owed a duty of care to John Doe, a student

under her supervision, to exercise reasonable care in supervising students

and ensuring their safety during school hours on school premises.

150.  Ms. Johnson breached her duty of care by failing to adequately supervise

John Doe and other students in her classroom, where Rodriguez sexually

abused John Doe during school hours.

151.  Jane Doe and John Doe, reported Rodriguez's misconduct to Ms.

Johnson, but no action was taken in response. Upon information and belief,

Ms. Johnson was present during some of the incidents while Rodriguez sexually abused students but failed to intervene due to her inattention and bias toward Rodriguez.

152. Ms. Johnson was aware that Rodriguez showed favoritism toward certain students, referring to them as his "favorites," which should have alerted her to the potential for inappropriate conduct. Ms. Johnson was also aware that he asked the students to call him "grandpa," or "abuelo. Yet, she failed to take any action to monitor or report Rodriguez's behavior.

153. The School Board of Manatee County is vicariously liable for Ms. Johnson's negligence, as her actions and omissions occurred within the scope of her employment as a teacher responsible for the safety and supervision of students, including John Doe.

154. As a direct and proximate result of Ms. Johnson's negligence, for which the School Board is vicariously liable, John Doe was sexually harassed and abused by Rodriguez while attending the School.

155. As a result of the sexual harassment and sexual abuse, John Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, loss of future income, costs associated with medical/psychological care and

treatment. Alternatively, John Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and John Doe will suffer such losses in the future.

**WHEREFORE**, Plaintiff Mother Doe, on behalf of John Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

## COUNT X - VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. JOHNSON'S NEGLIGENCE PRIOR AND DURING TO JANE DOE'S SEXUAL ABUSE

156.  Jane Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

157.  All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

158.   At all relevant times, Ms. Johnson was a teacher employed by the School Board of Manatee County, acting within the course and scope of her employment at Florine J. Abel Elementary School.

159.   Ms. Johnson, as a teacher, owed a duty of care to Jane Doe, a student under her supervision, to exercise reasonable care in supervising students and ensuring their safety during school hours on school premises.

160.   Ms. Johnson breached her duty of care by failing to adequately supervise Jane Doe and other students in her classroom, where Rodriguez sexually abused Jane Doe during school hours.

161.   Jane Doe and John Doe, reported Rodriguez's misconduct to Ms. Johnson, but no action was taken in response. Upon information and belief, Ms. Johnson was present during some of the incidents while Rodriguez sexually abused students but failed to intervene due to her inattention and bias toward Rodriguez.

162.   Ms. Johnson was aware that Rodriguez showed favoritism toward certain students, referring to them as his "favorites," which should have alerted her to the potential for inappropriate conduct. Ms. Johnson was also aware that he asked the students to call him "grandpa," or "abuelo. Yet, she failed to take any action to monitor or report Rodriguez's behavior.

163. Despite this actual notice, Ms. Johnson failed to take any action to investigate, report, or prevent further misconduct by Rodriguez, thereby allowing the abuse to continue.

164. The School Board of Manatee County is vicariously liable for Ms. Johnson's negligence, as her actions and omissions, including her failure to act on Jane Doe's report, occurred within the scope of her employment as a teacher responsible for the safety and supervision of students, including Jane Doe.

165. As a direct and proximate result of Ms. Johnson's negligence, for which the School Board is vicariously liable, Jane Doe was sexually harassed and abused by Rodriguez while attending the School.

166. As a result of the sexual harassment and sexual abuse, Jane Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Jane Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are

permanent and continuing in nature, and Jane Doe will suffer such losses in the future.

**WHEREFORE**, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

### COUNT XI - VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. DARNELL'S NEGLIGENCE PRIOR TO AND DURING JANE DOE'S SEXUAL ABUSE

167.  Jane Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

168.  All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

169.  At all relevant times, Ms. Darnell was a teacher employed by the School Board of Manatee County, acting within the course and scope of her employment at Florine J. Abel Elementary School.

170.  Ms. Darnell, as a teacher, owed a duty of care to Jane Doe, a student under her supervision, to exercise reasonable care in supervising students and ensuring their safety during school hours on school premises.

171.  Ms. Darnell breached her duty of care by failing to adequately supervise Jane Doe and other students in her classroom, where Rodriguez sexually abused Jane Doe during school hours.

172.  Ms. Darnell observed Rodriguez engaging in inappropriate conduct, including placing students on his lap, which should have alerted her to Rodriguez's sexual misconduct toward students. Yet she left him alone with students in the classroom, which created an opportunity for sexual abuse to occur.

173.  Despite having actual notice of Rodriguez's inappropriate behavior, Ms. Darnell failed to take any action to investigate, report, or prevent further misconduct by Rodriguez, thereby allowing the abuse to continue.

174.  The School Board of Manatee County is vicariously liable for Ms. Darnell's negligence, as her actions and omissions, including her failure to act on her observations of Rodriguez's inappropriate conduct, occurred within the scope of her employment as a teacher responsible for the safety and supervision of students, including Jane Doe.

175.   As a direct and proximate result of Ms. Darnell's negligence, for which the School Board is vicariously liable, Jane Doe was sexually harassed and abused by Rodriguez while attending the School.

176.   As a result of the sexual harassment and sexual abuse, Jane Doe has suffered severe psychological, emotional, and physical injuries, emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, regression, loss of future income, and costs associated with medical/psychological care and treatment. Alternatively, Jane Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and Jane Doe will suffer such losses in the future.

WHEREFORE, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

## COUNT XII - VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. WEBB'S NEGLIGENCE DURING JOHN DOE'S SEXUAL ABUSE

177.   John Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

178.   All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

179.   During all relevant times, Ms. Webb served as a principal employed by the School Board of Manatee County. She acted within the scope of her employment, with responsibilities encompassing student supervision, oversight and discipline of teachers, monitoring classroom activities, and reporting suspected abuse. Her negligent omissions occurred in the course of performing these duties.

180.   Ms. Webb, as principal, owed a duty of care to John Doe, a student of the school, to exercise reasonable care in supervising students and ensuring their safety during school hours on school premises.

181.   Ms. Webb breached her duty of care by failing to adequately respond to and reasonably investigate allegations against Rodriguez by a mother and her child, that he placed the student on his lap. Specifically, Ms. Webb failed to: (a) notify the Title IX coordinator; (b) report the allegations to the Department of Children and Families; (c) conduct a thorough investigation,

62

including interviewing other students or parents; or (d) supervise, monitor or restrict Rodriguez's interactions with students after receiving notice of his misconduct, among other reasonable measures, which allowed him continued unsupervised access to John Doe, directly enabling his sexual abuse.

182.  The School Board of Manatee County is vicariously liable for Ms. Webb's negligence, as her actions and omissions occurred within the scope of her employment as a principal responsible for the safety and supervision of students, including John Doe. Ms. Webb's negligent failure to supervise, report, or adequately investigate Rodriguez's known misconduct directly enabled him to maintain unsupervised access to John Doe, allowing him to sexually abuse him in the classroom during school hours.

183.  As a direct and proximate result of Ms. Webb's negligence in failing to respond reasonably to the complaint, for which the School Board is vicariously liable, John Doe was sexually harassed, assaulted and/or abused by Rodriguez while attending the School.

184.  As a result of the sexual harassment and sexual abuse, John Doe has suffered severe psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation, and regression, costs

associated with medical/psychological care and treatment. Alternatively, John Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature, and John Doe will suffer such losses in the future. These injuries may impair John Doe's future earning capacity and are ongoing in nature.

**WHEREFORE**, Plaintiff Mother Doe, on behalf of John Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

### COUNT XIII- VICARIOUS LIABILITY AGAINST THE SCHOOL BOARD FOR MS. WEBB'S NEGLIGENCE DURING JANE DOE'S SEXUAL ABUSE

185. Jane Doe readopts and realleges all of the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

186. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

187. During all relevant times, Ms. Webb served as a principal employed by the School Board of Manatee County. She acted within the scope of her employment, with responsibilities encompassing student supervision, oversight and discipline of teachers, monitoring classroom activities, and reporting suspected abuse. Her negligent omissions occurred in the course of performing these duties.

188. Ms. Webb, as principal, owed a duty of care to Jane Doe, a student of the school, to exercise reasonable care in supervising students and ensuring their safety during school hours on school premises.

189. Ms. Webb breached her duty of care by failing to adequately respond to and reasonably investigate allegations against Rodriguez by a mother and her child, that he placed the student on his lap. Specifically, Ms. Webb failed to: (a) notify the Title IX coordinator; (b) report the allegations to the Department of Children and Families; (c) conduct a thorough investigation, including interviewing other students or parents; or (d) supervise, monitor, or restrict Rodriguez's interactions with students after receiving notice of his misconduct, among other reasonable measures, which allowed him

continued unsupervised access to Jane Doe, directly enabling her sexual

abuse.

190.    The School Board of Manatee County is vicariously liable for Ms. Webb's

negligence, as her actions and omissions occurred within the scope of her

employment as a principal responsible for the safety and supervision of

students, including Jane Doe. Ms. Webb's negligent failure to supervise,

report, or adequately investigate Rodriguez's known misconduct directly

enabled him to maintain unsupervised access to Jane Doe, allowing him to

sexually abuse her in the classroom during school hours.

191.    As a direct and proximate result of Ms. Webb's negligence in failing to

respond reasonably to the complaint, for which the School Board is

vicariously liable, Jane Doe was sexually harassed, assaulted and/or abused

by Rodriguez while attending the School.

192.    As a result of the sexual harassment and sexual abuse, Jane Doe has

suffered severe psychological, emotional, and physical injuries, and

emotional distress arising out of the physical injuries, pain and suffering,

mental anguish, inconvenience, loss of capacity for the enjoyment of life,

inability to lead a normal life, shame, humiliation, and regression, costs

associated with medical/psychological care and treatment. Alternatively,

Jane Doe sustained an aggravation of an existing disease or mental or

physical defect or activation of a latent condition and the same losses

associated with such. The injuries and damages are permanent and continuing in nature, and Jane Doe will suffer such losses in the future. These injuries may impair Jane Doe's future earning capacity and are ongoing in nature.

**WHEREFORE**, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including medical expenses, psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

## COUNT XIV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE SCHOOL BOARD FOR MS. JOHNSON'S CONDUCT
### (JOHN DOE)

193.  Plaintiff Mother Doe, on behalf of John Doe, readopts and realleges all of the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

194.  All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

195.   At all relevant times, Ms. Johnson was a teacher employed by the School
Board of Manatee County, acting within the course and scope of her
employment at Florine J. Abel Elementary School.

196.   Ms. Johnson engaged in reckless conduct by failing to take any action
when John Doe, a seven-year-old student, reported that Angel Rodriguez
Mercado touched him inappropriately during the 2022–2023 school year.
Ms. Johnson's inaction, despite being aware of Rodriguez's favoritism
toward certain students and his use of inappropriate familial nicknames
like "grandpa" or "abuelo," disregarded a credible report of sexual abuse.
This conduct was particularly egregious given John Doe's vulnerability as a
seven-year-old student entrusted to the care of school officials, rendering
the dismissal of their abuse reports utterly intolerable in a civilized
community. Ms. Johnson was reckless with knowledge that severe
emotional distress is substantially certain to result.

197.   Ms. Johnson's conduct was outrageous and beyond all bounds of decency
in a civilized community because she, as a trusted teacher, ignored a young
child's report of sexual abuse, failing to investigate, report, or intervene,
thereby enabling Rodriguez's continued abuse of John Doe and exposing
him to further harm.

198.   Ms. Johnson's reckless conduct directly caused John Doe to suffer severe
emotional distress, including feelings of shame, humiliation, fear, and

68

regression, as his report of abuse was ignored, leaving him vulnerable to continued abuse by Rodriguez.

199.  The emotional distress suffered by John Doe was severe, resulting in psychological injuries, mental anguish, loss of capacity for the enjoyment of life, and the need for ongoing medical and psychological treatment. John Doe's distress was compounded by the continued sexual abuse by Rodriguez, which Ms. Johnson's inaction enabled.

200.  The School Board of Manatee County is vicariously liable for Ms. Johnson's reckless conduct, as her failure to act on John Doe's report of abuse occurred within the scope of her employment as a teacher responsible for the safety and supervision of students, including John Doe.

201.  The School Board's vicarious liability arises from the employees' conduct performed within the scope of their employment duties to supervise students and handle complaints, which was reckless.

202.  As a direct and proximate result of Ms. Johnson's outrageous conduct, for which the School Board is vicariously liable, John Doe suffered severe emotional distress, psychological injuries, pain and suffering, mental anguish, shame, humiliation, regression, loss of capacity for the enjoyment of life, costs associated with medical and psychological treatment, and potential loss of future earning capacity. These injuries are permanent and continuing in nature, and John Doe will suffer such losses in the future.

WHEREFORE, Plaintiff Mother Doe, on behalf of John Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

### COUNT XV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE SCHOOL BOARD FOR MS. JOHNSON'S CONDUCT (JANE DOE)

203.  Plaintiff Mother Doe, on behalf of Jane Doe, readopts and realleges all of the allegations set forth in Paragraphs 1 through 33 as though fully set forth herein.

204.  All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute § 768.28.

205.  At all relevant times, Ms. Johnson was a teacher employed by the School Board of Manatee County, acting within the course and scope of her employment at Florine J. Abel Elementary School.

206.  Ms. Johnson engaged in reckless conduct by accusing Jane Doe, a seven-year-old student, of lying when Jane Doe reported that Rodriguez placed her on his lap and touched her private area during the 2021–2022 school

70

year, and by threatening to send Jane Doe to the principal's office for reporting the abuse. Ms. Johnson was reckless with knowledge that severe emotional distress is substantially certain to result.

207.  Ms. Johnson's conduct was outrageous and beyond all bounds of decency in a civilized community because she, as a trusted teacher, dismissed a young child's credible report of sexual abuse, accused her of lying, and punished her by sending her to the front office, thereby exacerbating Jane Doe's trauma and discouraging her from seeking further help, which foreseeably allowed Rodriguez's sexual abuse to continue.

208.  Ms. Johnson's reckless conduct directly caused Jane Doe to suffer severe emotional distress, including feelings of shame, humiliation, fear, and regression, as she was not only victimized by Rodriguez's abuse but also silenced and punished for reporting it.

209.  The emotional distress suffered by Jane Doe was severe, resulting in psychological injuries, mental anguish, loss of capacity for the enjoyment of life, and the need for ongoing medical and psychological treatment. Jane Doe's distress was compounded by the continued sexual abuse by Rodriguez, which Ms. Johnson's actions enabled by failing to report or intervene.

210.  The School Board of Manatee County is vicariously liable for Ms. Johnson's reckless conduct, as her actions, including accusing Jane Doe of lying and sending her to the front office, occurred within the scope of her

employment as a teacher responsible for the safety and supervision of students, including Jane Doe.

211.  The School Board's vicarious liability arises from the employees' conduct performed within the scope of their employment duties to supervise students and handle complaints, which was reckless.

212.  As a direct and proximate result of Ms. Johnson's outrageous conduct, for which the School Board is vicariously liable, Jane Doe suffered severe emotional distress, psychological injuries, pain and suffering, mental anguish, shame, humiliation, regression, loss of capacity for the enjoyment of life, costs associated with medical and psychological treatment, and potential loss of future earning capacity. These injuries are permanent and continuing in nature, and Jane Doe will suffer such losses in the future.

WHEREFORE, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

**COUNT XVI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE SCHOOL BOARD FOR FRONT OFFICE EMPLOYEES' CONDUCT (JANE DOE)**

213.   Plaintiff Mother Doe, on behalf of Jane Doe, readopts and realleges all of
the allegations set forth in Paragraphs 1 through 33 as though fully set
forth herein.

214.   All conditions precedent to the bringing of this cause of action have been
satisfied or waived, including the notice required by Florida Statute §
768.28.

215.   At all relevant times, the front office employees, including one bilingual
employee and one English-speaking employee, were employed by the School
Board of Manatee County, acting within the course and scope of their
employment at Florine J. Abel Elementary School.

216.  Upon information and belief, the front office employees were
administrative staff acting within their roles to handle student complaints.

217.   The front office employees engaged in reckless conduct by accusing Jane
Doe, a seven-year-old student, of lying when she reported Rodriguez's
sexual abuse, scolding her, and telling her not to lie about Rodriguez
treating students like "his grandkids." They further threatened to contact
Jane Doe's mother but failed to do so, sending Jane Doe back to class
without taking any action to investigate or report the abuse. The employees
were reckless with knowledge that severe emotional distress is
substantially certain to result.

218. The front office employees' conduct was outrageous and beyond all bounds of decency in a civilized community because they, as school officials responsible for student welfare, dismissed a young child's credible report of sexual abuse, berated her, and failed to take any protective measures, thereby exacerbating Jane Doe's trauma and enabling Rodriguez's continued abuse. This conduct was particularly egregious given Jane Doe's vulnerability as a seven-year-old student entrusted to the care of school officials, rendering the dismissal of their abuse reports utterly intolerable in a civilized community

219. The front office employees' reckless conduct directly caused Jane Doe to suffer severe emotional distress, including feelings of shame, humiliation, fear, and regression, as she was punished for reporting abuse and returned to an unsafe environment where the abuse persisted.

220. The emotional distress suffered by Jane Doe was severe, resulting in psychological injuries, mental anguish, loss of capacity for the enjoyment of life, and the need for ongoing medical and psychological treatment. Jane Doe's distress was compounded by the continued sexual abuse by Rodriguez, which the front office employees' actions enabled by failing to report or intervene.

221. The School Board of Manatee County is vicariously liable for the front office employees' reckless conduct, as their actions, including scolding Jane

Doe and failing to report her allegations, occurred within the scope of their employment as school employees responsible for addressing student complaints and ensuring student safety.

222. The School Board's vicarious liability arises from the employees' conduct performed within the scope of their employment duties to supervise students and handle complaints, which was reckless.

223. As a direct and proximate result of the front office employees' outrageous conduct, for which the School Board is vicariously liable, Jane Doe suffered severe emotional distress, psychological injuries, pain and suffering, mental anguish, shame, humiliation, regression, loss of capacity for the enjoyment of life, costs associated with medical and psychological treatment, and potential loss of future earning capacity. These injuries are permanent and continuing in nature, and Jane Doe will suffer such losses in the future.

WHEREFORE, Plaintiff Mother Doe, on behalf of Jane Doe, respectfully requests that this Court enter judgment against Defendant The School Board of Manatee County and award compensatory damages, including psychological treatment costs, pain and suffering, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and lost earning capacity; special damages; costs; interest; and any other relief that this Court deems just and proper.

## COUNT XVII - LOSS OF FILIAL CONSORTIUM
## PARENTAL DAMAGES FOR
## THE CARE AND TREATMENT OF MINOR CHILDREN
## (MOTHER DOE)

224.   Plaintiff, Mother Doe, readopts and realleges the allegations set forth in
Paragraphs 1 through 33 as though fully set forth herein.

225.   All conditions precedent to bringing this cause of action have been
satisfied or waived, including written notice to the School Board of Manatee
County and the Department of Financial Services, specifying the claim and
damages, pursuant to Fla. Stat. § 768.28(6).

226.   At all times material, Mother Doe was the parent and natural guardian
of John and Jane Doe.

227.   The School Board owed a duty to Mother Doe, as the custodial parent, to
protect her minor children from foreseeable harm, ensuring their safety and
preserving her familial relationship. Defendant, The School Board of
Manatee County, Florida, owed a duty of care to Mother Doe's minor
children, John Doe and Jane Doe, enrolled at Florine J. Abel Elementary
School, to exercise reasonable care in supervising and protecting them from
foreseeable harm, including sexual abuse by school employees, during
school hours on school premises.

228.   Defendant breached this duty through the negligent acts and omissions
of its employees, including Principal Samantha Webb, Assistant Principal

Rebecca Britto, and teacher Ms. Johnson, who failed to: (a) adequately investigate reports of Angel Rodriguez Mercado's inappropriate behavior in 2021 and 2023; (b) report suspected abuse to the Department of Children and Families as required by Fla. Stat. § 39.201; (c) implement safety measures to restrict Rodriguez's access to students; and (d) properly supervise students in the classroom where the abuse occurred, and through Defendant's own failure to implement adequate training or policies to prevent sexual abuse, despite prior notice of Rodriguez's misconduct. The Defendant's negligent acts and omissions, which the School Board knew or should have known would lead to harm, were the direct and proximate cause of John and Jane Doe's injury and resulting damages.

229.  As a direct and proximate result of Defendant's negligence, John Doe and Jane Doe suffered severe physical and psychological injuries from sexual abuse by Rodriguez, causing significant and ongoing harm, including emotional distress, regression, and mental anguish, resulting in the minors' permanent total disability.

230.  As a direct and proximate result of the injuries to John Doe and Jane Doe, Mother Doe has suffered damages including the loss of comfort, companionship and society, and pecuniary losses, consisting of, without limitation, lost wages from her inability to work during their recovery care and faced ongoing financial strain due to the need to protect her children

from further trauma. This loss is evidenced by the family's relocation to Iowa in or about November 2023 due to the trauma caused by the abuse, which disrupted their familial relationship and diminished Mother Doe's ability to enjoy the normal companionship of her children.

231.  As a direct and proximate result of the negligent acts and omissions of Defendant, Mother Doe have or will incur damages including:

    a. bills for medical and mental health care and treatment obtained by Mother Doe for their children, in the past;

    b. bills for medical and mental health care and treatment to be obtained Mother Doe for her children, in the future until the minor children reach the age of 18;

    c. loss of earnings by Mother Doe resulting from the need to care or provide care for her children, in the past and to be incurred in the future until the minor children reach the age of 18.

232.  Mother Doe's lost wages resulted from taking unpaid leave to attend therapy sessions court proceedings, and ultimately, her employment being terminated, and needing to relocate to Iowa to protect her children from further trauma. These losses are ongoing due to the children's permanent injuries, subject to proof at trial.

233.  Mother Doe's loss of filial consortium was a foreseeable consequence of
Defendant's negligence, as the School Board's failure to protect minor
students from sexual abuse created a zone of risk extending to their
custodial parent under Florida law.

WHEREFORE, Plaintiff Mother Doe respectfully requests that this Court
enter judgment against Defendant The School Board of Manatee County and
award compensatory damages for loss of filial consortium, including loss of
comfort, companionship, and society, past and future medical and mental
health care expenses for her children, past and future lost earnings due to the
need to care for her children, and financial strain from relocation; special
damages; costs; interest; and any other relief that this Court deems just and
proper.

## PRAYER FOR RELIEF

Plaintiff, Mother Doe, on behalf of John Doe and Jane Doe, respectfully
requests that this Court: a. Enter judgment in favor of Plaintiff against
Defendant The School Board of Manatee County on all counts; b. Award
compensatory damages, including general and special damages, for
psychological, emotional, and physical injuries, loss of filial consortium, pain
and suffering; c. Award attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988,

and other applicable laws; d. Grant such other and further relief as this Court

deems just and proper

## **JURY TRIAL DEMAND**

Plaintiff hereby requests a trial by jury on all issues contained in this

Complaint.

Dated: August 12, 2025

Respectfully submitted,

*/s/* Krisel McSweeney
Krisel McSweeney
Florida Bar No.: 112637
McSweeney Law Firm
5550 Glades Rd., # 500
Boca Raton, FL 33431
Tel.: 800-540-0668
Fax: 561.961.5191
kmcsweeney@mcsweeneylawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was

sent via to all counsel of record via the e-filing portal.

<u>  /s/ Krisel McSweeney  </u>