UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MOTHER DOE, ON BEHALF OF**
**JOHN DOE AND JANE DOE,**

    **Plaintiff,**

v.                                                      Case No.: 8:24-cv-2540-CEH-LSG

**THE SCHOOL BOARD OF**
**MANATEE COUNTY, FLORIDA,**

    **Defendant.**
_____/

## STIPULATED PROTECTIVE ORDER

### I.   INTRODUCTION

The parties, by their undersigned counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's Order (Doc. No. 61), hereby stipulate to the following provisions.

### II.   MINOR RECORDS

The parties are bound by the following restrictions related to any and all records of minors John and Jane Doe and J.R. or any other minor referenced in any of the documents produced in this matter.

    A.    <u>Scope:</u> This Order applies to all records, including but not limited to medical records, psychotherapy records, school records, Department of Children

1

and Family records, Police records, State Attorney's records, and expert reports related to John and Jane Doe, as well as any documents concerning services sought by Mother Doe on behalf of John and Jane Doe, or any documents that directly or indirectly impact or reference John and Jane Doe. The parties agree to the following:

    I.    The parties shall be:

        a. Prohibited from using or disclosing said documents or the contents of said documents for any purpose other than the litigation of the above-captioned lawsuit directly or indirectly to any person or entity; and

        b. Required to destroy all copies of said documents or return them to the disclosing entity at the conclusion of the above-captioned lawsuit in accordance with subparagraph II(g) herein.

    II.    The following definitions shall apply to this Confidentiality Protective Order:

        a. "Parties" shall mean and refer to the Plaintiff and the Defendant in the above-captioned case.

        b. "Producing Party" shall mean and refer to the party producing discovery material during the proceedings in the above-captioned case.

    c. "Qualified Person(s)" shall mean and refer to any of the following persons who have been advised of, and agree to be bound by, the terms of this Confidentiality Protective Order:

        i. Counsel that have appeared for a party in the above-captioned case and regular and temporary employees of such counsel assisting in the conduct of this case, including employees of any firm retained to reproduce the discovery material for use in accordance with this Confidentiality Protective Order;

        ii. Experts or consultants assisting counsel in this litigation;

        iii. Directors, officers and employees of any party who assist counsel in the conduct of this action;

        iv. Directors, officers and employees of any party who are noticed for depositions whom counsel for a party in good faith believes may be fact or expert witnesses at deposition, to the extent deemed necessary by counsel for the witness' preparation for testimony;

        v. Deponents, and their counsel, during the course of depositions taken in this action, and court reporters and person preparing transcripts of depositions;

      vi. Litigation support services and outside copying services persons, including persons retained for the purpose of producing graphic or visual aids for use in the litigation who reasonably need to know any confidential information in order to assist the Parties in their prosecution or defense of this litigation;

      vii. Persons called as witnesses at trial or expected to be designated as trial witnesses to the extent reasonably and necessary in preparing to testify;

      viii. Persons with prior knowledge of the documents or the confidential information contained therein and their agents;

      ix. The parties' insurers, third party claim administrators and claims' advocates including their respective agents and representatives;

      x. Other persons only upon order of the Court or written stipulation of the Parties, which will require such person to agree to be bound by the terms of this Confidentiality Protective Order.

   d. Said documents shall not be disclosed to persons other than Qualified Persons.

    e. Each Qualified Person given access to the investigatory documents produced pursuant to this Confidentiality Protective Order shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Confidentiality Protective Order and may not be disclosed other than pursuant to its terms.

    f. In the event that counsel for any party elects to file or submit to the court any document including the documents produced pursuant to this order, the party seeking to file said discovery material and/or papers shall move to file the material or papers under seal. As to documents identifying any current or former student of Defendant School Board, the party seeking to file or to produce said discovery material and/or papers shall redact said documents, or redact their name(s) and any other identifying information.

    g. Upon conclusion of this litigation, including appeals, all documents received by the Plaintiff under this order shall be maintained by her counsel in a manner that protects the confidential nature of said discovery material. If counsel for Plaintiff discards or otherwise disposes of his or her file regarding

this proceeding, said counsel shall ensure that the documents are destroyed in a manner that protects the confidential nature of said discovery material.

### III. HANDLING THIRD-PARTY REQUESTS OR DEMANDS

A. In the event that any party or qualified person receives a subpoena, demand, or other legal process seeking disclosure of any documents or information covered by this Order, such recipient shall promptly notify the producing party in writing (no later than five business days after receipt) and provide a copy of the request. No disclosure shall be made until the producing party has had a reasonable opportunity (at least ten business days) to object or seek a protective order from the Court, unless otherwise required by law.

### V. PROHIBITION ON VOLUNTARY DISCLOSURE

A. The parties and qualified persons shall not voluntarily disclose, report, or otherwise transmit any documents or information subject to this Order to any unauthorized third party, including but not limited to government agencies, private organizations, or individuals, except as required by law and only after providing notice to the producing party as set forth herein.

# VI. ENHANCED SECURITY MEASURES FOR STORAGE AND TRANSMISSION

A. All documents and information subject to this Order, whether in physical or electronic form, shall be stored and transmitted using reasonable security measures, including but not limited to encryption for electronic files, password protection, and secure physical storage. Any breaches to this Protective Order or suspected unauthorized access shall be reported immediately to the producing party and the Court.

# VII. PUBLIC FILINGS

A. Confidential materials are not subject to filing on the public docket; and

B. No party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need pursuant to Local Rule 1.11.

**IT IS SO ORDERED.**

Date:

                                                Magistrate Judge

CONSENTED TO:                    CONSENTED TO:

__/s/ Krisel McSweeney_____      _/s/ Erin G. Jackson_____
Krisel McSweeney, Esq.                 Erin G. Jackson, Esq.
Attorney for Plaintiff                      Attorney for Defendant School Board