UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOTHER DOE, ON BEHALF OF
JOHN DOE AND JANE DOE,

    Plaintiff,

v.                                                                                                  Case No.: 8:24-cv-2540-CEH-LSG

THE SCHOOL BOARD OF
MANATEE COUNTY, FLORIDA,

    Defendant.
_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE SECOND AMENDED COMPLAINT

Defendant, the School Board of Manatee County, Florida ("Defendant" or "School Board"), hereby responds in opposition to Plaintiff's Motion for Leave to Amend the Second Amended Complaint. (Dkt. 58). In support of the foregoing, Defendant states as follows:

### INTRODUCTION

Plaintiff seeks to amend her Second Amended Complaint to add Ms. Karen Johnson as a Defendant and to assert a new claim under 42 U.S.C. § 1983 for violation of the minors' equal protection rights. The request is untimely, and amendment would be futile.

The deadline to amend the pleadings was March 21, 2025. (Dkt. 27). Now, five months later and after conducting Plaintiff's deposition and extensive discovery,

1

Plaintiff again seeks to add new allegations. Plaintiff cannot establish diligence in pursuit of her claims. She had every opportunity to thoroughly investigate the allegations she seeks to add before she filed the Second Amended Complaint. Plaintiff's untimely amendment of the Second Amended Complaint would be futile and would cause undue delay and prejudice to Defendant. As such, the Motion should be denied.

## BACKGROUND

1. On October 30, 2024, Plaintiff filed her Complaint against the Defendant (Dkt. 1). Therein, Plaintiff asserted four counts against the School Board. (*See id.*).

2. On December 31, 2024, Plaintiff filed her Unopposed Motion for Leave to File an Amended Complaint. (Dkt. 19). The First Amended Complaint was filed on January 2, 2025. (Dkt. 21).

3. On January 16, 2025, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. 26). In support of its Motion to Dismiss, Defendant asserted that Plaintiff's Amended Complaint failed to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and further asserted that sovereign immunity barred the negligence claims against Defendant. (*See id.*).

4. On January 21, 2025, the Court entered a Case Management and Scheduling Order. The Court set the deadline for motions to amend pleadings as March 21, 2025, and set the deadline for fact discovery as September 26, 2025. (Dkt. 27).

5. On May 26, 2025, Plaintiff filed a Motion for Leave to Amend the First Amended Complaint. (Dkt. 34). Plaintiff attached the proposed seventeen-count Second Amended Complaint as Exhibit A to her Motion. (Dkt. 34-1). Defendant filed its Response in Opposition to Plaintiff's Motion, which outlined the various factual inconsistencies in the First Amended Complaint and proposed Second Amended Complaint, on June 13, 2025. (Dkt. 37).

6. Plaintiff withdrew her Motion for Leave to Amend the First Amended Complaint and subsequently filed a second complaint, retaining the same parties, in case number 8:25-cv-01577-KKM-TGW. The Court dismissed the second Complaint for improper claim splitting but permitted Plaintiff to file a Second Amended Complaint. (*See* Dkt. 48).

7. Plaintiff's Second Amended Complaint was filed on July 17, 2025. (Dkt. 52).

8. On August 13, 2025, Plaintiff filed a Motion for Leave to Amend the Second Amended Complaint. (Dkt. 58). Plaintiff attached the proposed Third Amended Complaint as Exhibit 1 to her Motion. (Dkt. 58-1). Defendant filed its Unopposed Motion for Extension of Time to Respond to Plaintiff's Second or Third Amended Complaint on August 15, 2025. (Dkt. 60).

9. For the reasons set forth below, Plaintiff's Motion for Leave to Amend the Second Amended Complaint should be denied.

## MEMORANDUM OF LAW

Plaintiff's Motion for Leave should be denied. Although leave to amend should

3

generally be freely given, a motion to amend a complaint may be denied on the grounds of futility of the amendment[1], undue delay, and undue prejudice to the defendant. *See Abramson v. Gonzalez,* 949 F.2d 1567, 1581 (11th Cir. 1992) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Grant of leave to amend is within the Court's discretion. *See Forbus v. Sears Roebuck & Co.,* 30 F.3d 1402, 1404 (11th Cir. 1994).

The deadline to conduct discovery is September 26, 2025. Permitting Plaintiff to add a party at this stage with limited time to complete discovery would constitute prejudice to Defendant. *See Calkins v. USAA*, 2016 WL 3360429, *5 (M.D. Fla. 2016) (denying a motion for leave to amend where amendment would have required "Defendant to engage in significant new preparation and caus[e] it additional expense and likely increased discovery… plac[ing] Plaintiffs at an unfair advantage and caus[ing] undue prejudice to Defendant."). The proposed amendments to the Second Amended Complaint, including the addition of a new party, would require Defendant to undertake significant additional preparation and incur further expenses.

Moreover, the parties' Joint Motion to Extend All Scheduling Deadlines (Dkt. 62) remains pending, further exacerbating the prejudice to Defendant that would result from adding an additional party and new claims. Defendant would be forced to further

---

[1] In the event that Karen Johnson is added as a party to this lawsuit, she will be entitled to qualified immunity. As such, amendment of the Second Amended Complaint would be futile because qualified immunity is a hurdle Plaintiff cannot overcome through amendment. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (holding that "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed").

4

condense the remaining discovery issues into an already constrained timeframe, resulting in the potential compromise of its defense of this case. The Court should consider the potential increased costs that would result from granting Plaintiff's Motion, as well as the prejudice and strategic disadvantage at which Defendant would be placed.

Additionally, Plaintiff fails to demonstrate good cause for amendment of the Second Amended Complaint at this stage in the litigation. *See* Fed. R. Civ. Pro. 16(b) (requiring a good cause showing to support amendment); *see also Stephens v. Georgia Dept. of Transp.*, 134 Fed. Appx. 320, 322 (11th Cir. 2005) (holding that the reason provided by plaintiff supporting amendment was insufficient to establish good cause). Plaintiff's claim that the School Board's insurance policy alerted her to Karen Johnson's inclusion as a party is unpersuasive. The insurance policy merely confirms indemnification, as Plaintiff herself states in the Motion for Leave to Amend the Second Amended Complaint, and does not provide any new factual basis for liability under § 1983. (*See* Dkt. 58).

Contrary to Plaintiff's assertion, there is no "newly discovered evidence" to support the claims Plaintiff seeks to add. *See id.* The core facts in this case have remained unchanged, and Plaintiff's failure to include Ms. Johnson as a party when she was granted relief to amend the complaint *for a second time* (at which point she included 13 new counts and 63 pages) indicates a failure to diligently pursue her claims. The claims against Ms. Johnson as a party should have been brought in any of the three prior operative complaints in this matter, and Plaintiff's continued failure to

5

properly include all purported claims into her Complaint demonstrates the ongoing prejudice that would be faced by Defendant if further amendment is allowed.

Plaintiff's Motion for Leave to Amend the Second Amended Complaint would be futile and prejudicial and will cause undue delay. Accordingly, Plaintiff's Motion for Leave should be denied.

WHEREFORE, Defendant requests that this Court deny Plaintiff's Motion for Leave to Amend the Second Amended Complaint and for the Court to provide all other relief as this Court finds just and proper.

Dated this 26th day of August 2025.

                Respectfully submitted,

                */s/ Erin G. Jackson*
                Erin G. Jackson
                Florida Bar No.: 413097
                Rachel E. Coers
                Florida Bar No.: 1059480
                Johnson Jackson PLLC
                100 N. Tampa St., Suite 1800
                Tampa, FL 33602
                Telephone: (813) 580-8400
                Facsimile: (813) 580-8407
                Email: ejackson@johnsonjackson.com
                rcoers@johnsonjackson.com
                *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished with the Clerk of Court by using the CM/ECF system which will serve by email on this 26th day of August, 2025 to the following:

Krisel McSweeney
McSweeney Law Firm
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Tel.: (800) 540-0668
Fax: (561) 961-5191
kmcsweeney@mcsweeneylawfirm.com
*Attorney for Plaintiff*

                                                /s/ Erin G. Jackson
                                                Attorney