UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-cv-02540-CEH-SPF

MOTHER DOE, ON BEHALF OF JOHN DOE
AND JANE DOE,

        Plaintiff,

v.

THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA,

        Defendant.

**PETITION FOR APPROVAL OF SETTLEMENT FOR MINOR AND FOR APPROVAL OF ATTORNEY FEE AGREEMENT**

Petitioner, Mother Doe, as parent and natural guardian of minors John and Jane Doe, by and through undersigned counsel, hereby files this Petition for Approval of Settlement for a Minor and for Approval of Attorney Fee Agreement, pursuant to Florida Statutes §§ 768.25 et seq., 744.387(1) and Florida Bar Rule 4-1.5(f)(4)(B), and in support thereof, states as follows:

1. This matter arises from a personal injury claim brought against THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA, on behalf of minor children, to wit: Y.K.O.A. (y/o/b 2015), and Z.Y.O.A. (y/o/b 2014), and the children's

1

natural guardian, M.L.O.A., for her individual claims for the minors' sexual abuse by a school employee. *See* Exhibit "A" for identifying information of the minor and natural guardian, to be filed separately under seal.[1]

2. On October 14, 2025, the parties reached a settlement of the minors' claims in exchange for a complete release of liability. A copy of the settlement agreement to be filed separately under seal, Exhibit "B."[2]

3. Pursuant to Florida Statute § 744.387(1), a settlement on behalf of a minor must be approved by the Court upon a showing that the terms are in the best interests of the minor child.

4. Petitioner respectfully requests that the Court:

    o approve the settlement;

    o authorize the minors' guardian to execute all necessary settlement documents, including the Release; and

    o approve the disbursement of settlement proceeds in accordance with the Distribution Statement to be filed separately under seal, attached as Exhibit "C."

5. Petitioner further requests that the Court approve the attorney's fee and cost agreement pursuant to Florida Bar Rule 4-1.5(f)(4)(B)(ii), as reflected in the

---

[1] All Exhibits referenced in this Petition are to be attached to the filed Unopposed Motion to Seal.
[2] Mother Doe received consideration for her separate claim of loss of consortium as included in the release.

2

sealed distribution statement and consistent with the contingency fee agreement executed between Petitioner and counsel.

6. The appointment of a guardian ad litem is not necessary where the minor is already adequately represented by a parent or legal guardian with no conflict of interest.

7. The appointment of a guardian ad litem is a procedural matter governed by Federal Rule of Civil Procedure 17(c). *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (internal quotations omitted). A district court is not required to consider appointing a guardian ad litem unless there is a conflict of interest between the minor and the representative. *Id.* When a parent is a party to the action and shares the same interest as the minor, no conflict generally exists. *Caraballo-Ramos v. United States*, No. 6:21-cv-2168-CEM-EJK, 2023 WL 8622071, at *2 (M.D. Fla. July 17, 2023).

8. Mother Doe is John Doe's natural and legal guardian. Thus, a guardian ad litem is not necessary in this case. *Burke*, 252 F.3d at 1264 (holding that Federal Rule of Civil Procedure 17(c) does not require that a district court appoint a guardian ad litem in all cases).

9. In the best interests of the minor, Petitioner respectfully requests that Jane Doe receive a total of 19.29% to cover therapy for the recommended five (5) years, and insurance costs to eighteen (18) years old, and John Doe receive a total of

3

21.33% for therapy for recommended five (5) years and insurance to eighteen ("18") years old:[3] of the net settlement proceeds of each minor be disbursed to the minors for immediate use in accordance with the minors' needs and welfare, under the supervision of the natural guardian, which includes insurance until the age of eighteen and recommended therapy.

|  | Therapy Cost (5 yrs) | Insurance Until 18 | Total Cost |
|---|---|---|---|
| Jane Doe | $18,153.20 | $15,598.46 | $33,751.66 |
| John Doe | $18,153.20 | $19,181.89 | $37,335.09 |

10. Petitioner further requests that the remaining balance of the minors' net settlement proceeds be placed into a structured settlement annuity, with periodic disbursements to the minors at future dates, as outlined in the sealed distribution statement, to preserve and protect the minors' financial interests. *See* Qualified Assignment Release Agreement, attached as Exhibit "D."

11. Defendant has agreed to pay a settlement amount as to purchase a structured settlement annuity for the benefit of the minors with the expressed approval of the natural parent and legal guardian, M.L.O.A., wherein the minors will receive periodic payments as detailed in Exhibit "D," to be filed separately

---

[3] After individual evaluations of the minor children, their therapist recommends weekly sessions for a minimum of five years. A letter in support is to be filed separately under seal as Exhibit "E." Insurance quote information to be filed separately as Exhibit "F."

under seal.

12. The proposed allocation and financial arrangements serve the best interests of the minors by providing for both current needs and long-term financial security.

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

- Approve the settlement agreement on behalf of the minors;
- Approve the attorney's fee agreement;
- Approve the distribution and financial disbursement plan as outlined above and detailed in the sealed exhibits;
- Order that Jane Doe receive a total of 19.29% which is a total of $33,757.50 to cover therapy for the recommended five (5) years, and insurance costs to eighteen (18) years old, and John Doe receive a total of 21.33% which is a total of $37,327.50 to for therapy for recommended five (5) years and insurance to eighteen ("18") years old be disbursed under the supervision of the natural guardian;
- Order that the remaining balance be placed in a structured settlement annuity for the benefit of the minor as detailed in Exhibit "D"; and
- all other and further relief as this Court deems necessary or appropriate.

Dated: December 15, 2025    Respectfully submitted,

*/s/* Krisel McSweeney

Krisel McSweeney
Florida Bar No.: 112637
McSweeney Law Firm
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Tel.: 800-540-0668
Fax: 561.961.5191
kmcsweeney@mcsweeneylawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via to all counsel of record via the electronic filing portal.

*By /s/* Krisel McSweeney

Krisel McSweeney
Florida Bar No.: 112637
McSweeney Law Firm
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Tel.: 800-540-0668
Fax: 561.961.5191
kmcsweeney@mcsweeneylawfirm.com